## Teacle's Estate. Appeal of the Home for Aged and Infirm Colored Persons et al.

[Marked to be reported.]

*Will—Revocation, express and implied.*

Where a paper is executed with all the formalities of a will, disposing of the testator's entire estate, and appointing executors to execute it, it impliedly revokes all former wills for the reason that it is the latest declaration of the testator's intentions; and if a clause of revocation be added, it expressly revokes former wills.

*Similar bequests to charities in two wills.*

Testator, by a will executed within one calendar month prior to her death, gave her residuary estate to four charitable institutions, and in the will revoked all former wills at any time theretofore made. By an earlier will executed several years before her death, she gave her residuary es-

tate to the same charitable institutions. Different executors were named in each will, and there were other points of difference. *Held*, that the later will revoked the earlier one. Price v. Maxwell, 28 Pa. 38, applied.

Argued Feb. 9, 1893. Appeal, No. 276, Jan. T., 1893, by Home for Aged and Infirm Colored People et al., from decree of O. C. Chester Co., dismissing appeal from register of wills. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Appeal from refusal of register to probate will.

In addition to the facts stated in the opinion of the Supreme Court, it appeared from the record that there were the following differences between the two wills:

1st Will: Husband permitted to live at 811 Lombard street, Philadelphia.

2d Will: Husband and Mary Jane Sipple permitted to live at 121 East Market street, West Chester.

1st Will: Rachel Reasner, Edward Reasner, Mary Sipple, Theresa Trainer and Robert Clayton, each left $100.

2d Will: Same bequests except Mary Sipple is omitted.

1st Will: After death of husband, executors to pay Mrs. Sarah Frost, during life, the net income from 924 Lombard street.

2d Will: Sarah Frost not mentioned.

2d Will: Executors, after death of husband and Mary Jane Sipple, directed to annually hand over to the Second Presbyterian Church of West Chester, all the net income from No. 121 East Market street, West Chester.

1st Will: Such church omitted.

1st Will: Residue divided into four equal parts, after $200 are paid annually for the diffusion of the gospel, etc.; each of certain charities to take one part.

2d Will: Residue divided into four equal parts, after the payment of $200 annually as above, and after the payment of the net income of 121 East Market street to the Second Presbyterian Church as aforesaid; each of four charities to take one part.

The four charities are the same in both wills, and are as follows, viz.: "Home for Aged and Infirm Colored People," Philadelphia; "The Lincoln University," "The Wilberforce University," "Biddle University."

1st Will: Executors, Rev. John B. Reeve and Thomas H. Boling.

2d Will: Executors, Geo. A. Cook and Wm. H. West.

The court, in an opinion by WADDELL, P. J., dismissed the appeal.

*Errors assigned* were (1) dismissing appeal; (2) deciding that later will revoked earlier will; (3) in not directing register to probate earlier will.

*Wm. R. McAdam, Jr.,* and *Wm. M. Hayes,* with them *E. D. Bingham,* for appellants.—The words of revocation, in the last will, are general, not specific, and the devises to the appellants are the same in both wills, covering the same property, having the same objects, making use of the same language, and occupying the same place in both wills.

A "last will and testament"—being the solemn disposition of one's property to take effect after death—may be contained in several instruments of different dates: Schouler on Wills, 280; Van Wert v. Benedict, 1 Bradf. (N. Y.) 114.

An instrument in harmony with and affirming a will does not revoke it: Aubert's Ap., 109 Pa. 447; Carl's Ap., 106 Pa. 635; Van Wert v. Benedict, 1 Bradf. (N. Y.) 114; Hughes v. Turner, 4 Hag., Ecc. 30, 71; Denny v. Barton, 2 Phill. 575; Rawling's Goods, 41 L. T. (N. S.) 559; Onions v. Tyrer, 1 P. Wms. 343; Barksdale v. Barksdale, 12 Leigh, 535. In the same way, obliterating words in a will, and writing others over them, will not revoke the words obliterated when the words interlined cannot take effect: Pringle v. McPherson, 2 Brev. S. C. 279; Kirke v. Kirke, 4 Russ. 435; Winsor v. Pratt, 2 Br. & B. 650.

Where the devise fails owing to the incapacity of the devisee to take, the instrument operates as a revocation where that appears to be the intention of the testatrix independent of the new devise: Redfield on Wills, 345.

The second and last will operates as a revocation of the first will only so far as it indicates a different intention as to the disposition of the same property: McRainy v. Clark, Tayl. (N. C.) 278; New Orleans v. Fisk, 2 La. An. 78. And wills not inconsistent with each other must be construed together and all the provisions so far as possible be carried into effect:

Mercer's Succession, 28 La. An. 564. Also, if two similar wills are executed on the same day the second does not revoke the first, for two writings taken together are considered to constitute one and the same will: Odenwaelder v. Shorr, 8 Mo. Ap. 458.

And in general every attempt will be made to educe from the papers a scheme of disposition consistent with them both: Weld v. Acton, 2 Eq. Cas. Ab. 777, pl. 26 ; Coward v. Marshall, Cro. Eliz. 721. Especially where the rejection of the prior will would produce partial intestacy : Freeman v. Freeman, Kay, 479 ; Plenty v. West, 1 Rob. Ecc. 264; Cookson v. Hancock, 1 Keen, 817. And where the latter will is inconsistent in some of the provisions and not as to the others it operates as a revocation only so far as the inconsistency extends : Nelson v. McGiffert, 3 Barb. Ch. 158; Inglefield v. Coghlan, 2 Coll. Ch. 247; Petchell's Case, L. R., 3 Pro. & D. 153: De La Saussaye's Case, L. R., 3 Pro. & D. 42 ; Lamage v. Goodban, L. R., 1 Pro. & D. 57; Richards v. Queen's Proctor, 18 Jur. 540 ; Cutto v. Gilbert, 9 Moore, P. C. C. 131; Freeman v. Freeman, 5 De G. M. & G. 704; Goodright v. Harwood, 3 Wils. 497 ; Seymor v. Noswortly, Hardres, 374. Where actual intent appears, the wills must be treated as distinct instruments so as to give effect, though in legal effect they are in some respects but one instrument: Alsop's Ap., 9 Pa. 381 ; Fuller v. Hooper, 2 Ves. Sr. 242; Bonner v. Bonner, 13 Ves. 379; Carl's Ap., 106 Pa. 635.

A revocatory clause is not always imperative, but its defect depends upon the intention to be gathered from both instruments : Denny v. Barton, 2 Phil. Ecc. 575; Van Wert v. Benedict, 1 Bradf., N. Y., 121; Hughes v. Turner, 4 Hag., Ecc. 30 ; Bailey v. Lloyd, 5 Russ. 341 ; Onions v. Tyrer, 1 P. Wms. 343.

*Thos. S. Butler* and *H. H. Gilkyson*, with them *Wm. R. Murphy* and *Wm. S. Windle*, for appellee.—A will which makes a complete disposition of all the property of the testator is clearly incompatible with the existence of any former will, and therefore it must operate as a revocation of all wills previously executed: 1 Jarman on Wills, p. 333.

Where there are two wills in some respects inconsistent, the

latter revokes the former only so far as they are inconsistent, unless there is an express clause of revocation: Price v. Maxwell, 28 Pa. 38.

Lutheran Congregation's Ap., 113 Pa. 32, was not disposed of upon the ground that the word " unqualifiedly " was used in the revocation clause. That word was not important, and the decision was not by reason of it.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 20, 1893:

The only question in this case is, whether the court below erred in deciding that the will of Catherine A. Teacle, dated September 11, 1888, revoked the prior will, dated August 12, 1881. The court held that the will of 1881 had been revoked, and refused to admit it to probate.

The appellants contend that both wills should have been admitted to probate and that together they form the will of the testatrix.

The words of revocation in the last will are: " Hereby revoking and making void all former wills by me at any time heretofore made." While this is not a specific revocation of the will of 1881, it is so broad in its terms as to amount to a revocation of it, unless there is something in the language of the second will to indicate that it was not the intention of the testatrix to revoke the former one. No such intention appears from the language of the last will. It is not a revocation of so much of the former will as is inconsistent with the latter, nor can we infer that it was her intention to preserve the charitable bequests from the operation of the act of 1855. Had such been her intention, she would probably have added a clause to the last will, that in case of her death within thirty days from the date of the will, the will of 1881 should take effect.

While many of the provisions of the two wills are similar there are several points of difference, and different executors are named in each will. In case both wills are admitted to probate, as constituting but one testamentary paper, to which set of executors are the letters testamentary to be granted? The second will makes a complete disposition of all the property of the testatrix. Such a will is clearly incompatible with any former will, and, therefore, must operate as a revocation without express words to that effect. Nor does it matter that

some of the bequests in the second will fail under the act of 1855, by reason of the death of the testatrix within thirty days from the date of the will. The bequests fail, not from the infirmity of the instrument, but from the incapacity of the legatees to take. In such case a prior devise or bequest is revoked. 1 Jarman on Wills, 334. We regard this case as distinctly ruled by Price v. Maxwell, 28 Pa. 23. The revocation in that case was in the same general terms, and the bequests to charities failed by reason of the act of 1855. It was held that where there are two wills in some respects inconsistent, the latter revokes the former only so far as they are inconsistent with each other, unless there is an express clause of revocation; but when the property given specifically in the first will is contained in a general devise to the same object, and for the same purpose, and the appointment of other executors, in the second will there is a manifest inconsistency, and evinces an intention that both wills should not stand; that an express clause of revocation of former wills is not affected or impaired by the failure of the devise contained in the later will, by reason of the testator dying within the time required by the act to give the devise effect. In that case the revoked will of 1841 contained a devise in favor of the Westtown Boarding School. The later will of 1856, which contained the revocation of the former will, contained a substantially similar devise, and it was contended that the revocation was made upon condition that the devise to the school in the will of 1856 should take effect. But this court said: "How do we know this? Perhaps the intention to make the new disposition induced the revocation of the old; and perhaps the new disposition was only the result of a predetermination to revoke the old one. There is nothing to lead the mind with anything like logical certainty to the deduction that either was the result of the other; and it is very clear that the heirs at law are not to be disinherited upon a mere peradventure. We have no right to add conditions, not expressed by the testator, nor implied from his acts. He had it in his power to make conditions, but he made none, and we can make none for him."

It is conceded that a will may be composed of different papers, executed at different times. There may be codicils executed from time to time, changing the disposition of the

testator's property, and there may be other papers which operate as codicils for the same purpose, but when a paper is executed with all the formalities of a will, disposing of the testator's entire estate, and appointing executors to execute it, it impliedly revokes all former wills for the reason that it is the latest declaration of the testator's intentions. And if a clause of revocation be added, it expressly revokes former wills.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.