## Lustig's Estate.

*George O. Frazier*, for legatees.

CRUMRINE, P. J., March 28, 1928.—Jan. 13, 1926, this decedent executed a will, whereby he gave pecuniary legacies to six designated charities—$200 to one and $100 to each of the other five, making a total of $700. Of this will he made Rabbi Wolf Leiter the executor.

On April 30, 1927, he executed another will containing the usual clause of revocation, and providing, *inter alia*, as follows: "Of all the rest of my

estate I bequeath and direct that the sum of $1000.00 One Thousand Dollars shall be given to Rabbi W. Leiter of Pittsburgh Pennsylvania which sum shall be distributed by him to all organizations Societies and Institutions as provided in the will heretofore made which is in his hands. This amount to be devided by said Rabbi Leiter according to his own discretion and judgement, all other remaining estate of mine shall go to my Lawful heirs."

The decedent died May 6, 1928, or within seven days of the execution of the last will. Does the reference to the legacies of the former will save the clause quoted above from the operation of section 6 of the Wills Act of 1917, the testator not having lived thirty days from the date of the execution of his last will? I do not think so.

The only logical theory on which the legacies of the will of 1926 could be given effect would be that the testator's reference to them in the clause whereby he gives $1000 to the rabbi saved them from the general clause of revocation, and that the first will is still effective *pro tanto*. But such was not the testator's intention. The gift to Rabbi Leiter is entirely new. He is given $1000 instead of the $700 bequeathed to the named charities by the first will. And the method of distribution of the fund is entirely within the discretion of the rabbi. He is confined to the list given in the former will, but the amount each is to receive may be whatever he determines. Even had there been no general revocation of the first will, the charitable legacies would have been revoked by implication.

In Hoffner's Estate, 161 Pa. 331, the second will republished the charitable bequest *verbatim* and contained no clause of revocation. Nevertheless, the court held the bequest inoperative because the two wills differed as to their residuary clauses, the court saying: "The first will and codicil were, therefore, fatally inconsistent with the last one. But, independent of any rule of construction, the Act of 1855 does not permit us to seek for a legatee under some former will made more than a calendar month before death. If the bequest here is invalid, it is because the statute so declares, and for no other reason; if for that reason, then the same statute declares where it shall go, 'to the residuary legatee or devisee.' "

See, also, Price *v.* Maxwell, 28 Pa. 23, and Teacle's Estate, 153 Pa. 219.

It is significant that in the year elapsing between these two wills the testator's entire scheme of disposition changed. In the first will he dismissed his children with legacies of $5 each, gave his wife what she would have taken under the intestate laws, and gave the entire balance to various charities. In the second he makes no gifts to charities except this one legacy; he gives substantial legacies to two children, and leaves the residue to his "lawful heirs."

It is true, when considering the reason of the rules as to charitable bequests, it could be argued that this gift to charities was not one conceived *in extremis*, but could be traced back to the first will, executed more than a year before. But, however logical that reasoning may be, it cannot avoid the plain provision of the statute which must govern here.

Another question we are asked to decide is whether the gift of the residue to "my lawful heirs" includes the widow and two of the children for whom provision had already been made. Clearly it does. They come within the designation, and there is nothing to show any intention to exclude these three, who were the ones he wished principally to benefit.

A decree of distribution will be prepared in accordance with the foregoing.

From Harry D. Hamilton, Washington, Pa.