Crooks Estate.

126

Argued January 11, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Albert J. Crawford, Jr.,* with him *Joseph A. Mc-Tear, Crawford & Graham,* and *Smyth, Straub & Thistle,* for appellant.

*Arthur C. Dorrance, Jr.,* with him *Robert E. Porter, Barnes, Dechert, Price, Myers & Rhoads,* and *Greenwell, Porter, Smaltz & Royal,* for appellee.

OPINION BY MR. JUSTICE BELL, March 18, 1957:

Cornelia R. Crooks died on September 13, 1955. She was survived by her husband, Joseph H. Crooks, and a minor daughter by a previous marriage, Charlene V. Hart. She had a daughter, Patricia Joanne Crooks, who predeceased the testatrix and died on July 2, 1955

at the age of three months. The Register of Wills of Delaware County granted letters of administration to decedent's husband, Joseph H. Crooks, on September 19, 1955, on the basis of his petition alleging that his wife had died intestate.

After letters of administration had been issued, a will and an additional testamentary writing were found among the decedent's effects. The will was as follows:

"March 17th, 1955

I leave *everything* I own to my husband Joseph H. Crooks

/s/ Cornelia R. Crooks"

The second writing was undated but counsel stipulated that it had been executed by testatrix after her will of March 17, 1955. This testamentary writing read:

"To Whom it Might Concern
Elizabeth K. Schurig:

I leave everything I have in the world to you to see that the baby—Patricia Joanne Crooks is properly cared for—Mr. Straub will see that matters are taken care of.

This is the only will in existance (sic) and I want this carried out.

I leave everything up to the discrestion (sic) of Mrs. Schurig

/s/ Cornelia R. Crooks"

The Orphans' Court decided (1) that the second testamentary instrument was a will which revoked, expressly and by necessary implication, testatrix's will of March 17, 1955, and (2) that since the gift to the baby, Patricia Joanne Crooks, lapsed by the baby's predeceasing the testatrix, an intestacy resulted and (3)

that the surviving husband and the surviving child of testatrix shared equally in her estate.

Joseph H. Crooks, testatrix's husband, took this appeal, contending that the second testamentary instrument was a *codicil* which did not revoke, but supplemented, testatrix's will of March 17, 1955, and since the codicil became ineffective because the baby predeceased her mother, all of the estate of Cornelia R. Crooks passed to him under the terms of his wife's original will.

The question involved is narrow: Was the second testamentary instrument a will or a codicil, and what effect did it have on testatrix's original will dated March 17, 1955?

The testamentary writing dated March 17, 1955 was unquestionably a will, and indisputably a valid will. A codicil is a testamentary writing which is a supplement to a will and which expressly or by necessary implication changes—i.e., alters, adds to or subtracts from—a prior will (or occasionally merely republishes it), but it does not purport to dispose of the entire estate or to contain the entire will of the testator, nor does it ordinarily expressly or by necessary implication revoke in toto a prior will: cf. *Boyer Estate,* 372 Pa. 553, 94 A. 2d 721; Hunter, Pennsylvania Orphans' Court Commonplace Book, Vol. 1, p. 128; 2 Blackstone's Commentaries 500; *Lee's Estate,* 16 Pa. Superior Ct. 627.

Justice STEARNE expressed the general attributes and the effect of a codicil in *Boyer Estate,* 372 Pa., supra (pages 556-557):

"A codicil and a will must be construed together as one instrument. The codicil disturbs the disposition of the will only when plainly inconsistent with the will: Rainear's Estate, 304 Pa. 539, 156 A. 166; Chauncey's Estate, 335 Pa. 73, 5 A. 2d 795; Moore Estate, 347 Pa.

276, 32 A. 2d 12; Braun Estate, 358 Pa. 271, 56 A. 2d 201. While a later will is essentially a revocation, a codicil is a confirmation except as to express alterations. In the case of a codicil no revocation of the will is presumed. The terms of a codicil indicate an addition: Sigel's Estate (No. 1), 213 Pa. 14, 62 A. 175; Warne's Estate, 302 Pa. 386, 153 A. 688; Wright's Estate, 68 Pa. Superior Ct. 177. As the purpose of a codicil ordinarily is merely to modify or add to and not revoke, a codicil changes the will only to the extent it is inconsistent with it: Estate of Edward S. Whelen, 175 Pa. 23, 34 A. 329; Schattenberg's Estate, 269 Pa. 90, 112 A. 67. If any specific change in the will is made by the codicil, it negatives by implication an intention to make any other changes in the provisions of the will: Line's Estate, 221 Pa. 374, 70 A. 791."

The testamentary writing executed by Mrs. Crooks *after* her will of March 17, 1955, is entirely inconsistent with her will of March 17, 1955, and by necessary implication revokes the prior will: *Gray Will*, 365 Pa. 411, 416, 76 A. 2d 169; *Burtt Will*, 353 Pa. 217, 224, 44 A. 2d 670; *McClure's Estate*, 309 Pa. 370, 165 A. 24; *Hartman's Estate*, 320 Pa. 321, 182 A. 234. It is not a codicil; it is a holographic will which purports to leave everything in the world to or for her baby, Patricia Joanne Crooks. Moreover, the doctrine of dependent relative revocation is clearly inapplicable in the instant case: *McClure's Estate*, 309 Pa., supra; *Hartman's Estate*, 320 Pa., supra; *Teacle's Estate*, 153 Pa. 219, 25 A. 1135; *Hoffner's Estate*, 161 Pa. 331, 29 A. 33.

In *McClure's Estate*, 309 Pa., supra, testatrix executed her will dated June 20, 1924 in which she made a specific bequest and then gave the residue of her estate to her niece, Louise Hertzler. On September 1, 1924, testatrix executed another will which, after pro-

viding for funeral expenses and the perpetual care of a cemetery lot, gave everything else which belonged to her to the Protestant Home for Children. The testatrix died within 30 days after its execution. The second will contained no express clause of revocation, no subscribing witnesses and made no provision for Louise Hertzler or for testatrix's heirs or next of kin. The bequest of her residuary estate to charity was invalid under §6 of the Wills Act of June 7, 1917, P. L. 403. This Court held that both of the above mentioned testamentary instruments were wills; that the second instrument was not a codicil; that it was inconsistent with the earlier will; that the two wills could not be harmonized or stand together; that the doctrine of dependent relative revocation was inapplicable;* and that the residuary estate went, not to Louise Hertzler, but to testatrix's heirs or next of kin under the intestate laws. The Court said (page 375):

"The second will was an effort to dispose of all testator's property. A will which makes a complete disposition of all the property of the testator is clearly incompatible with the existence of any former will, and it must operate as a revocation of all wills previously executed (1 Jarman on Wills, page 333), or, as stated in Teacle's Est., 153 Pa. 219, 'must operate as a revocation without express words to that effect.'

"The later will, sustained by the court below, disposes of the entire estate and is inconsistent with the earlier will. The provisions of the two wills cannot be harmonized."

A similar decision was made in *Teacle's Estate,* 153 Pa., supra. In that case the will of 1881 contained many of the identical gifts made by testatrix's subse-

---

* We note that *Braun Estate,* 358 Pa. 271, 56 A. 2d 201, is clearly distinguishable from the instant case.

quent will of 1888. In the latter will testatrix gave her residuary estate to four charitable institutions and revoked all former wills. However, the testatrix died within one calendar month of the second will. The Court held that the later will revoked the earlier will, and not even any of the identical gifts contained in the first will could stand. The Court, speaking through Chief Justice PAXSON, said (pages 223-224) :

"The second will makes a complete disposition of all the property of the testatrix. Such a will is clearly incompatible with any former will, and therefore, must operate as a revocation without express words to that effect. Nor does it matter that some of the bequests in the second will fail under the act of 1855, by reason of the death of the testatrix within thirty days from the date of the will. The bequests fail, not from the infirmity of the instrument, but from the incapacity of the legatees to take. In such case a prior devise or bequest is revoked. 1 Jarman on Wills, 334."

An even closer case is *Hoffner's Estate*, 161 Pa., supra. In that case, a second will which was executed two days before the testatrix's death, made a gift to a charity which was identical with one which she made in a codicil to her former will four years earlier. However, the residuary clause in each will was totally different. Although the second will contained no words of revocation, the Court held that the second will, because of inconsistency, revoked the former will including the identical charitable gift.

The aforesaid authorities and the principles therein enunciated rule the instant case and dispose of all of appellant's contentions.

Decree affirmed; appellant to pay the costs.