## Smith Estate

*Vincent A. Cirillo*, for petitioner.
*Hubert D. Yollin*, for respondents.

TAXIS, P. J., September 25, 1968.—This matter is before the court on a "petition to revoke letters testamentary and to grant them to the person claiming prior right". The petition alleges that decedent died on April 12, 1968, leaving a will dated August 6, 1964, in which she appointed the First Pennsylvania Banking and Trust Company and Hubert D. Yollin, Esquire, her executors and trustees, and further that on June 15, 1965, by a handwritten paragraph on the last page of the original of the will, she left everything she possessed to her granddaughter, Therise L. Blicha.[1]

---

[1] Therise L. Blicha and Lillian Therese Blicha are one and the same person.

The 1964 document creates a trust of decedent's residuary estate for the benefit of Lillian Therese Blicha but does not authorize the payment of the corpus to her until she reaches age 35.

On the merits, the petition must be dismissed. Petitioner cites Crooks Estate, 388 Pa. 125, for her contention that the subsequent writing of decedent was a complete will in itself, thereby necessarily revoking the prior instrument, including the appointment of executors and trustees. A reading of Crooks Estate, however, shows how erroneous this contention is. It is there said, at page 128:

"A codicil is a testamentary writing which is a supplement to a will and which expressly or by necessary implication changes — i.e., alters, adds to or subtracts from — a prior will (or occasionally merely republishes it), but it does not purport to dispose of the entire estate or to contain the entire will of the testator, nor does it ordinarily expressly or by necessary implication revoke in toto a prior will".

Further, at page 129, and quoting from Boyer Estate, 372 Pa. 553, 556, it was said:

". . . As the purpose of a codicil ordinarily is merely to modify or add to and not revoke, a codicil changes the will only to the extent it is inconsistent with it: . . . If any specific change in the will is made by the codicil, it negatives by implication an intention to make any other changes in the provisions of the will . . ."

All that the present decedent did was to change the gift to her granddaughter from one in trust for a period to an immediate and outright bequest of her entire estate; there is no inconsistency or conflict between anything in her later writing and her prior appointment of executors.

In Crooks Estate, neither will appointed an executor. The sole issue concerned the disposition of decedent's property. In her first will, she left her estate to her surviving husband; in her second will, she left her estate to her daughter by this husband, although she had another daughter by a previous husband. The difficulty arose because the later daughter predeceased her mother. Although there was no clause of revocation in the second writing, it was held that because the two documents were entirely inconsistent in all of their provisions, the latter necessarily revoked the former, and was decedent's last will. The resulting intestacy stemmed not from any defect or ambiguity in the instrument, but solely because of the unavailability of the legatee to take. This case is no help to petitioner's position.

We have dealt with the merits of this petition because they are simple and clear; but we must observe the impropriety of the procedure involved. The basis of the petition is petitioner's disagreement with the decree of the register of wills appointing the First Pennsylvania Banking and Trust Company and Hubert D. Yollin, Esq., as executors. The matter should be in this court, if at all, upon appeal from that decision under the provisions of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.101. The claim of petitioner, purely and simply, is that the register of wills should not have admitted the writing dated August 6, 1964, to probate, but should only have admitted the later writing of June 16, 1965, and further, that the register should have appointed petitioner administratrix c.t.a. thereunder. Decrees of the register are final unless properly appealed to the orphans' court, and therefore, even if the petition had been meritorious, we would have been required to dismiss it.

And now, September 25, 1968, the petition is dismissed.