539 A.2d 395

**Barbara L. GRUVER, Appellee,**

v.

**Allen C. GRUVER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1987.

Filed March 21, 1988.

John E. Huber, Lancaster, for appellant.

Elizabeth A. Hambrick–Stowe, Lancaster, for appellee.

Before CAVANAUGH, McEWEN and TAMILIA, JJ.

CAVANAUGH, Judge:

The first issue in this case is whether a court in determining equitable distribution of marital property may take into consideration a spouse's possibility of an inheritance upon the death of his or her parents.

Barbara L. Gruver, the appellee herein, and Allen C. Gruver, the appellant, were married on March 25, 1972 and separated on February 19, 1982. Mrs. Gruver filed a Complaint in Divorce on March 8, 1983 alleging irretrievable breakdown of the marriage, and requesting, *inter alia,* equitable distribution of marital property. Mr. Gruver subsequently filed a counterclaim in divorce on the ground of indignities.

A special master was appointed by the court who filed a master's report following hearings. The master recommended that a divorce decree be entered and he submitted a proposed equitable distribution of marital property. Both parties filed exceptions to the report relating only to the

issue of equitable distribution. The court sustained all of the appellee's exceptions and sustained the appellant's exceptions in part and dismissed them in part and directed equitable distribution. Prior to entry of a divorce decree, Mr. Gruver appealed to this court and we quashed the appeal as a final decree in divorce had not been entered. See *Campbell v. Campbell*, 357 Pa.Super. 483, 516 A.2d 363 (1986). Subsequently, a final decree in divorce was entered on June 5, 1987 and an appeal has been taken.

At the master's hearing, Mrs. Gruver testified concerning her husband's parents, both of whom are over age 65, and their assets. According to the appellee, Mr. Gruver's parents were concerned about the amount of inheritance taxes that were paid when Mr. Gruver's grandfather died and "his mother and father went to see a lawyer and had their estate changed." Mr. Gruver has one sister and no brothers and according to Mrs. Gruver, his parents told her that "it would be split 50–50 as far as the inheritance when the time came." (N.T. 142).

Mrs. Gruver was asked if Mr. Gruver's parents ever discussed with her the amount of money they thought they would leave at their deaths and she testified:

A. I don't really know if figures were actually totaled up but after we would have the talks we would go over about how much money was sitting here and how much money was sitting there and just off the top of my head, you know, from what they have sitting in CD's and with the property they own, I would say in the neighborhood of three hundred, four hundred thousand dollars.

Mr. Gruver testified that he had never seen his parents' wills and did not know who had been named executor in the wills. He also did not know if his parents had established any trust funds in which he was named as beneficiary.

The court below considered Mr. Gruver's possible inheritance in making equitable distribution and this is impermissible. The opinion of Hummer, J. states at page 29:

Contrary to Mr. Gruver's characterization of Mrs. Gruver's testimony as mere speculation, the court finds the evidence of the parents' intent to be specific and concrete. Especially in light of Mr. Gruver's lack of rebuttal, the court will consider his possibility of inheritance in equitably dividing the marital estate.

The master recommended that the marital assets be distributed on the basis of 55% to Mr. Gruver and 45% to Mrs. Gruver. The court held that an equal division would be equitable, considering "Mr. Gruver's possibility of inheritance" and other factors.

■ The Divorce Code, 23 Pa.S. § 401(d) states that the court in making equitable distribution shall consider "all relevant factors" including 10 enumerated factors. One factor is found at 23 Pa.S. § 401(d)(5) which is "the opportunity of each party for future acquisition of capital assets and income." The court considered Mr. Gruver's possible inheritance as a factor under 23 Pa.S. § 401(d)(5) and stated at page 3 of its opinion:

Mrs. Gruver's respectable compensation should provide her with a reasonable opportunity for future acquisitions of capital assets and income. However, the evidence indicates that Mr. Gruver can reasonably anticipate similar, if not greater, opportunities for such acquisitions by way of an inheritance expectancy.

We must read Section 401(d) dealing with factors to be considered in making equitable distribution in light of Section 401(e)(3) which states:

(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

It is clear under Section 401(e)(3) that any inheritance that the appellant might have received from his parents during his marriage would not be marital property. It

follows, that the legislature did not intend that the court consider as a factor in making equitable distribution the possibility of an inheritance. It is presumed that the legislature does not intend to achieve an absurd result. *Hatchard v. Westinghouse Broadcasting Company*, 516 Pa. 184, 532 A.2d 346 (1987). See also 1 Pa.C.S. § 1922(1). It would be patently incongruous for the court to properly consider the possibility of an inheritance when such an inheritance would not be marital property. We therefore hold that a court may not consider the mere possibility of an inheritance by a spouse as a factor in the equitable distribution of marital property.

The possibility of an inheritance, even if property inherited during marriage were marital property, and it is not, should not be a factor in making equitable distribution. Any possibility of an inheritance is too tenuous to attribute any weight to it.[1] Parents have no legal obligation to leave property to their children and no matter what a person's intent concerning his will is today, it may change at any time and a subsequent will is essentially the revocation of an earlier will. *Crooks Estate*, 388 Pa. 125, 130 A.2d 185 (1957). See also *Franey Estate*, 436 Pa. 94, 257 A.2d 515 (1969). Every person has the right to dispose of his or her estate in any way that he or she sees fit. *Paul Estate*, 407 Pa. 30, 180 A.2d 254 (1962). It must also be recognized that in the face of ever increasing costs for the care of the elderly that even what appears to be a substantial estate today, may be quite diminished or even totally dissipated at the time of death, and finally, the actual life expectancies of both parents and child are unknown.

■ Equitable distribution is within the discretion of the trial court and its decision will not be disturbed in the absence of an abuse of discretion. *Kleinfelter v. Kleinfel-*

---

**1.** In accord with this, see *Krause v. Krause*, 174 Conn. 361, 387 A.2d 548 (1978) which pointed out that the expectancy of an inheritance is the bare hope of succeeding to the property of another and it is only an inchoate hope. "The moment of the decedent's death determines the right of inheritance or testamentary succession." 174 Conn. 365, 387 A.2d 550.

*ter*, 317 Pa.Super. 282, 463 A.2d 1196 (1983); *Gee v. Gee*, 314 Pa.Super. 31, 460 A.2d 358 (1983). We find that the court below abused its discretion in including the possibility of the appellant's inheritance as a factor in making equitable distribution.

■ The second issue is whether the court below erred in not adopting the master's recommendation that $4904.00 of a certificate of deposit at the Farmer's First Bank was non-marital property which belonged to Mr. Gruver. Mr. Gruver inherited $4904.00 from his grandfather. To that amount $96.00 was added from the joint funds of the parties and a certificate of deposit was purchased in joint names in the amount of $5000.00. The master found that $4904.00 of the jointly owned certificate of deposit was not marital property as it represented an inheritance by Mr. Gruver. The court did not accept this recommendation, holding that the inheritance of $4904.00 took on the status of marital property when it was invested in the jointly owned certificate of deposit relying on *Madden v. Madden*, 336 Pa.Super. 552, 486 A.2d 401 (1985). In *Madden*, a mother purchased United States savings bonds and placed them in the joint names of herself and her son. The mother died and the son, who was married at that time, cashed in the bonds which he now owned and bought new savings bonds in the joint names of himself and his wife. Subsequently, problems arose and the son cashed in the bonds and purchased a certificate of deposit in his name alone. We held that the certificate of deposit became marital property when the husband put the proceeds in new savings bonds in joint names with his wife thereby losing status as an excludable gift from his mother which was not marital property under 401(e)(3). We find that *Madden v. Madden*, *supra*, is controlling in this case and the court properly found the entire certificate of deposit to be marital property.[2]

**2.** The appellant relies on *Estep v. Estep*, 326 Pa.Super. 404, 474 A.2d 302 (1984) to support his argument that $4904.00 of the certificate of deposit was not marital property. However, *Estep v. Estep, supra*, was reversed by the Supreme Court in *Estep v. Estep*, 508 pa. 623, 500 A.2d

■ The appellant also raises two other issues on appeal as follows: (1) whether the court below erred by finding that Mr. Gruver dissipated marital assets to the extent of increased tax liability by failing to file joint income tax returns with Mrs. Gruver and (2) whether the court erred by attributing to Mrs. Gruver the rental value of the marital home while the parties were separated. We find that the court below did not abuse its discretion with respect to its order concerning these issues. As to the refusal to file joint returns after 1981, it appears that Mr. Gruver filed an individual tax return in 1982 and 1983, resulting in increased tax liability to the parties. Apparently Mr. Gruver would not file a joint return after 1981 because he claims to have paid the total federal and state tax returns in 1981 as well as the fee of $75.00 to the tax preparer. Both the master and the court below felt that the increased tax liability resulting from filing individual returns rather than joint returns resulted in the dissipation of marital property and we perceive no error in this.

■ Similarly, the court did not abuse its discretion in attributing the rental value of the marital home to Mrs. Gruver. Mr. Gruver had enjoyed exclusive possession of the marital residence since the parties' separation. The court properly awarded the rental value of the home to Mrs. Gruver. See *Gee v. Gee,* 314 Pa.Super. 31, 460 A.2d 358 (1983). The court also reduced the rental value to reflect an amount of a loan owed by Mrs. Gruver to Mr. Gruver's parents. These are questions of judgment properly left to the court below in the absence of an abuse of discretion. See *Bacchetta v. Bacchetta,* 498 Pa. 227, 445 A.2d 1194 (1982).

The decree of June 5, 1987, from which an appeal has been taken, decreed that the parties are divorced from the bonds of matrimony and neither party has excepted to that part of the decree. Accordingly, the decree of June 5, 1987 pertaining to the decree in divorce is affirmed as to grant-

418 (1985) on the grounds that this court exceeded its scope of appellate review.

ing the decree in divorce. While the court below properly determined what was marital property, it erred in making equitable distribution of the property and the decree is reversed to the extent that the court directed an equal division of the marital property under its order of March 4, 1986.

This case is remanded to the court below for equitable distribution of marital property in a manner consistent with this opinion. The court relinquishes jurisdiction.

Motion to quash appeal dismissed.[3]

TAMILIA, J., files concurring statement.

TAMILIA, Judge, concurring:

I concur in the result. While I agree in this case that determining the inheritance expected by the husband was too nebulous a consideration to effect equitable distribution, I believe the majority has carved out too absolute a rule in relation to inheritance as governed by 23 Pa.S. § 401(d)(5). There, it is stated:

§ 401(5) The opportunity of each party for future acquisition of capital assets and income is to be a consideration in equitable distribution.

The number and variety of possibilities of acquisition of capital assets and income as a result of inheritance are great. To foreclose all of those possibilities goes too far and unreasonably restricts the trial courts in considering factors of inheritance which have a strong, if not absolute, likelihood of vesting as opposed to situations such as the present one, which are rather nebulous.

The majority reads section 401(d)(5) in relation to section 401(e)(3) having to do with gifts and inheritance, which are not marital property except for their increase in value,

3. The appeal in this case is from the order of June 5, 1987 and the notice of appeal was filed within 30 days of the entry of the order in compliance with Pa.R.A.P. 903. The fact that we quashed the original appeal by our order of March 23, 1987, as a final decree in divorce had not been entered, does not preclude the appellant from taking an appeal once the final decree was entered in the court below.

holding that a potential inheritance could not be considered when, under 401(e)(3), after acquisition of an inheritance by a spouse, it would not be marital property. The conclusion thus drawn misses the point. It is not whether the inheritance, prospective or otherwise is marital property, but whether its presence or anticipation places one spouse in a superior financial position, thereby permitting a different weighing or distribution of *marital* property to make distribution equitable. I would make that distinction in resolving the issue of consideration of inheritance under section 401(d)(5).