624 A.2d 183

Frank A. SCHMIDT,

v.

**Gloria A. KRUG, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1993.

Filed April 30, 1993.

John J. Mooney, III, Hanover and Judith K. Morris, Dobbs Ferry, N.Y., for appellant.

Christian J. Ness, York, for appellee.

Before CIRILLO, POPOVICH and HESTER, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of York County. We affirm.

Appellant Gloria A. Krug (Wife) and appellee Frank A. Schmidt (Husband) were married on August 1, 1985. The

marriage, the third for both parties, lasted for three years and nine months; the parties never consummated the marriage. During the parties' marriage, Wife was stationed at the Willow Grove Naval Air Station during the week. She returned to the marital home on weekends. While Wife pursued her military career, Husband took responsibility for the domestic duties.

Wife is 59 years old and in good health. Husband is 65 years old and in poor health, suffering from high blood pressure, diabetes, and arthritis.

Husband filed a complaint in divorce on June 8, 1989. The trial court entered a divorce decree on November 16, 1989, and retained jurisdiction over the economic claims.

A master's hearing was held in September and November of 1990. The master valued the marital assets at $63,582.91, and recommended that the assets be distributed equally so that each party would receive assets in the amount of $31,791.45.

Both parties filed exceptions to the master's report and recommendation. Husband's petition to dismiss Wife's exceptions was granted, and Husband withdrew his own exceptions. The trial court, thereafter, entered the master's report and recommendation as a final order. An appeal was taken to Superior Court. While on appeal, the trial court issued an amended memorandum and this court remanded the case. On July 7, 1992, the Honorable Michael J. Brillhart entered an order and opinion dismissing all but one of Wife's exceptions. This appeal followed. Wife raises the following claims for our review:

1. Whether the court erred in determining the date of separation to be April, 1989, when testimony established that husband believed the parties were separated in November, 1988 and the parties had severed financial ties in January, 1988 and no affection existed after November of 1988?

2. Whether the court erred in failing to consider rental value on the marital home that husband solely occupied at least from separation until May of 1990?

3. Whether the court erred in failing to account for the depreciation in value of the marital home when testimony indicated and husband acknowledged the destruction and neglect of the premises?

4. Whether the court erred in concluding two properties to be marital property, when the parties agreed that these properties were to be separate property of wife, and in the alternative, if these properties are marital, failed to correctly find that the properties resulted in a loss as opposed to net equity increase in marital property, when an actual loss occurred?

■ Wife argues that the date of separation was November, 1988, and not April of 1989 as determined by the court. The Divorce Code defines "separate and apart" as follows: "Complete cessation of any and all cohabitation, whether living in the same residence or not." 23 Pa.C.S. § 3103. In *Thomas v. Thomas*, 335 Pa.Super. 41, 483 A.2d 945 (1984), this court held that "cohabitation" means "the mutual assumption of those rights and duties attendant to the relationship of husband and wife." *Id.* at 47, 483 A.2d at 948.

Thus, the gravamen of the phrase "separate and apart" becomes the existence of separate lives not separate roofs (citations omitted). This position follows the trend of Pennsylvania case law in which a common residence is not a bar to showing that the parties live separate and apart ...

*Flynn v. Flynn,* 341 Pa.Super. 76, 81, 491 A.2d 156, 159 (1985). *Compare Mackey v. Mackey,* 376 Pa.Super. 146, 545 A.2d 362 (1988) (where parties had private living quarters, no public social life together, and had ceased sexual relations, the parties lived "separate and apart" despite the fact that they resided in the same house) *with Britton v. Britton,* 400 Pa.Super. 43, 582 A.2d 1335 (1990) (where parties jointly purchased a townhouse, shared a joint checking account, had a social life as husband and wife, shared the same bedroom and resumed sexual relations, the court found the parties were not living "separate and apart.").

Here, the trial court determined the date of separation was April of 1989 based upon the finding that the parties had

engaged in activities that they had engaged in during the marriage up until that time. The parties continued investing in real estate. Although the property purchased in November or December of 1988 was titled solely in Wife's name, Husband participated not only in the selection and negotiation of the property, but also undertook renovation and improvement of the property. Additionally, Wife purchased a U.S. Savings Bond in February of 1989 and listed Husband as beneficiary. Further, as late as March of 1989, Wife continued using the joint checking account. Based upon these incidents, the court determined that in April of 1989, when Wife handed Husband "papers" for a separation, the parties became separated. The record supports this finding and, therefore, we find no abuse of discretion. *Mackey, supra.*

■ Next, Wife argues that the court failed to consider rental value on the marital home that Husband solely occupied for thirteen months, from the date of separation until May of 1990. Wife argues that she is entitled to the rental value.

■ In assessing the propriety of an equitable distribution award, our standard of review is whether the trial court, by misapplication of the law or failure to follow proper legal procedure, abused its discretion. *Johnson v. Johnson*, 365 Pa.Super. 409, 529 A.2d 1123 (1987). The law provides that the party out of possession of the marital home must be compensated in some manner for his or her rights and interests in the property. *See Gee v. Gee*, 314 Pa.Super. 31, 460 A.2d 358, (1983). A prerequisite to the application of this rule of law is the finding that one party is in exclusive possession of the marital home. *Gruver v. Gruver*, 372 Pa.Super. 194, 539 A.2d 395 (1988).

Here, during the separation period, Wife continued the pattern established during the marriage, returning to the home on weekends after spending the week in officers' quarters. Although Husband physically retained exclusive possession of the marital home during the week, this did not alter the previously established arrangement. Wife continued to have access to the property during separation and, therefore,

her claim of exclusive possession is negated. This finding is supported in the record and we find no abuse of discretion. *Johnson, supra.*

■ ·In her third claim, Wife argues that the court, in its equitable distribution order, failed to account for the depreciation in the value of the home due to Husband's neglect and lack of maintenance. At the time of separation, the marital home was valued at $155,000.00; the increase in value during the marriage was $45,000.00. At the time of the master's hearing on the economic claims, the property value had declined in value, to $135,000.00.

Pursuant to section 3502(a) of the Divorce Code, the trial court, in fashioning an equitable distribution order, must consider all relevant factors including, *inter alia*, the "contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, . . ." 23 Pa.C.S. § 3502(a)(7). Wife's claim that the property depreciated in value due to Husband's inattention is meritless. The duty to maintain the premises is a joint obligation. The trial court determined that any depreciation that occurred in this case was attributable to both parties, and that Husband was not solely responsible. This finding is supported in the record and we find no abuse of discretion. *Winters v. Winters*, 355 Pa.Super. 64, 512 A.2d 1211 (1986).

■ In her final claim, Wife argues that the trial court's conclusion that the marital interest in two rental properties, the West Princess Street property (marital interest of $13,-447.31), and the East Cottage Place property (marital interest of $3,703.43), should not have been included in the marital estate. Wife argues that these properties were purchased after separation, and that Husband expressly refused an offer to become financially involved in these investments. In the alternative, Wife argues that even if the properties are a part of the marital estate, the court erred in attributing a marital interest, or equity, to either of the properties. Wife maintains that no rents were collected and that she incurred losses in excess of $20,000.00. Further, Wife contends that she paid all

property expenses, including mortgage, taxes, insurance and utilities. Wife concludes, therefore, that the court's determination of an equity interest ignores the economic realities of these ventures.

■ "Marital property" is "all property acquired by either party during the marriage, ..." 23 Pa.C.S. § 3501(a). The presumption of marital property is rebuttable, and property may be established as separate by a preponderance of the evidence. *See* 23 Pa.C.S. § 3501(b); *Sutliff v. Sutliff,* 518 Pa. 378, 543 A.2d 534 (1988); *Braderman v. Braderman,* 339 Pa.Super. 185, 488 A.2d 613 (1985). Additionally, assets acquired after separation through the use of marital assets are marital property. *See Gioia v. Gioia,* 382 Pa.Super. 538, 555 A.2d 1330 (1989); *see also Sutliff v. Sutliff,* 361 Pa.Super. 504, 522 A.2d 1144, (permitting tracing of assets) *rev'd on other grounds,* 518 Pa. 378, 543 A.2d 534 (1988).

■ It is the function of the court to determine whether a property right has been acquired during marriage and whether equity warrants its inclusion in the marital estate. *Flynn v. Flynn,* 341 Pa.Super. 76, 491 A.2d 156, 159 (1985). If the asset is deemed includable in the marital estate, the allocation of that interest must be consistent with the legislative intent to effectuate economic justice between the parties. 23 Pa.C.S. § 3102(a)(6).

Whether the interest is marital property or separate property for purposes of distribution of the marital estate is a matter within the sound discretion of the trial court. *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351 (1983). Here, the master found that although the properties were purchased in Wife's name, both parties undertook renovations with funds borrowed during the marriage, or with funds earned or received during the marriage. The master also found that the evidence was "altogether inadequate to determine that any ascertainable part of these funds were [Wife's] or [Husband's] premarital funds." The trial court determined that the source of the funds spent on the rental properties was a credibility issue. Thus, the court deferred to the master on this issue.

*See McBride v. McBride,* 335 Pa.Super. 296, 298, 484 A.2d 141, 142 (1984) (although a master's report is advisory only, when adopted by the trial court it is to be given the fullest consideration by this court, particularly on the issue of credibility of witnesses). We find no abuse of discretion. *Ruth, supra.*

Order affirmed.