685 A.2d 178

**Brenda Lee FIELDING, Appellee,**

v.

**Gary R. FIELDING, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 26, 1996.

Filed Nov. 12, 1996.

262

James P. Phillips, Jr., Lake Ariel, for appellant.

James J. Walker, Carbondale, for appellee.

Before TAMILIA, SAYLOR, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

On April 5, 1990, a complaint in divorce was filed by appellee Brenda Lee Fielding against appellant Gary R. Fielding. The parties had been married for eleven years and had two children from the marriage. The complaint sought a decree of divorce and the equitable distribution of marital property.

After several hearings, a master filed a report recommending that the divorce be granted and that the marital property be divided 55/45 in favor of appellee. Following the disposition of the parties' exceptions to these recommendations, the Honorable Robert J. Conway issued a decree on July 24, 1995, ordering the parties' divorce and incorporating the master's report and recommendation. From this decree, appellant filed

a timely appeal challenging the distribution of the marital property.[1]

■ Our scope of review in matters of equitable distribution is limited in that we will reverse the trial court's determinations only upon the finding of an abuse of discretion. *See, e.g., Fonzi v. Fonzi,* 430 Pa.Super. 95, 633 A.2d 634, 636–37 (1993) (quoting *Viles v. Viles,* 416 Pa.Super. 95, 98, 610 A.2d 988, 990 (1992)). "When reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate justice and we will find an abuse of discretion only if the trial court has misapplied the law or failed to follow proper legal procedures." *Id.*

■ Appellant first asserts that the trial court erred in determining the size and value of the parties' cow herd because the court based its determination on testimony by the parties themselves, as opposed to testimony by a disinterested witness. *See* appellant's brief at 11–12. This argument concedes that there is record evidence to support the trial court's determination of the cow herd's size and value, but asserts that the existing record evidence is not credible. Since the fact-finder is entitled to believe all, part, or none of the evidence, and since this Court will not disturb a fact finder's credibility determinations, appellant's first claim must fail. *See Fonzi,* 430 Pa.Super. at 100–01, 633 A.2d at 637 (quoting *Viles v. Viles,* 416 Pa.Super. 95, 98, 610 A.2d 988, 990 (1992)).

■ Appellant's second claim, as set forth in his statement of questions presented, reads as follows:

2. Did the Lower Court err in finding that the cow herd and farm equipment repossessed by Robert Fielding on April 4, 1990, was marital property under 23 Pa.C.S. § 3501(a)(7)?

Appellant's brief at 3. In the vague and undeveloped one-page "argument" that purportedly addresses this question, however, appellant makes no further mention of the Divorce

---

1. Appellee's cross-appeal from the July 24, 1995, decree was dismissed on July 10, 1996.

Code, cites no case law, and fails to explain and develop the basis .of, or theory behind, his second question presented. Under these circumstances, we decline to consider the merits of appellant's second claim. *See Smathers v. Smathers,* 448 Pa.Super. 162, 670 A.2d 1159, 1160 (1996) (noting that we will not consider the merits of issues that are not properly raised and developed in appellant's brief).

■ Appellant next asserts that the trial court erred in considering the possibility of his future inheritance as a significant factor in distributing the marital estate. In *Gruver v. Gruver,* this Court expressed its concern about the tenuous nature of the possibility of a future inheritance. 372 Pa.Super. 194, 197, 539 A.2d 395, 397, *appeal denied,* 520 Pa. 605, 553 A.2d 968 (1988). In light of these concerns, the *Gruver* panel concluded that "[t]he possibility of an inheritance ... should not be a factor in making equitable distribution." *Id.*

In the instant case, the master's report, which was subsequently adopted by the trial court, did rely on the possibility of an inheritance in distributing the marital estate. The master wrote as follows:

> The Master considers the relatively equal efforts of the parties to contribute to the marital estate.and believes that they are essentially equal in earning power at the present time. The two significant differences between the parties are the expectancy or inheritance which Gary R. Fielding may obtain in the future and the added responsibility which Brenda Lee Fielding has for the day to day care of the minor children of the parties. (N.T., 11/12/92, p. 12). Because of these two considerations the Master believes that a distribution of 55% of the marital estate to Brenda Lee Fielding is appropriate in this case.

Master's report and recommendation at 8. Since this passage reveals the lower court's reliance, in part, on the possibility that appellant would receive an inheritance, we must conclude that the trial court abused its discretion by relying on an improper factor ·in distributing the marital property. *See Gruver, supra.* Accordingly, we must remand this matter to

the trial court for equitable distribution of the marital property without consideration of the possibility of an inheritance.

Appellant's final argument is a bare, undeveloped assertion that the assets here should have been divided evenly. As we have already noted, this Court will not develop arguments on appellant's behalf. *See Smathers, supra.* Given the absence of a clear, developed argument, we decline to address the merits of appellant's final claim. *See id.*

Based upon the foregoing, we affirm the trial court's order as it relates to the granting of the divorce. We reverse the order insofar as it sets the distribution of marital property, and we remand for equitable distribution without consideration of appellant's possible inheritance.

Affirmed in part, reversed in part. Remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.