460 A.2d 358

**Marjorie M. GEE**

v.

**Clark M. GEE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1983.

Filed May 13, 1983.

William A. Hebe, Wellsboro, for appellant.

John A. Felix, Williamsport, for appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in declaring certain items "marital property" under the Divorce Code,[1] and in accepting the master's unsupported estimate of the fair market rental value of the parties' real property. We disagree and, accordingly, affirm the order of the lower court.

The parties married in July, 1961 and separated in November, 1978. Appellee was granted a divorce on grounds of indignities on July 29, 1980 and her petition for equitable distribution of property was referred to a master. After a hearing and the filing of the master's report and appellant's exceptions, the lower court accepted the master's findings and recommendations and ordered that all marital property be equally divided and that appellant pay appellee one-half the estimated fair market rental value of the marital home and farmland for each month he resided there after she left. This appeal followed.

■ Appellant contends first that the lower court erred in designating certain property as "marital property." Section 401(e) of the Divorce Code provides:

All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individual-

1. Act of April 2, 1980, P.L. 63, No. 26, § 401, 23 P.S. § 401.

ly or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is over-come by showing that the property was acquired by a method listed in subsection (e).

23 P.S. § 401(f); *Platek v. Platek*, 309 Pa. Superior Ct. 16, 21, 454 A.2d 1059, 1061 (1982). Appellant argues specifical-ly that appellee had not met her burden of establishing that the cattle on the property was acquired during the mar-riage. The record belies this contention. Appellee testified that any cattle owned by appellant prior to the marriage had been sold shortly thereafter and that the parties "didn't get into the beef cattle business for a few years later." (N.T. October 9, 1981 at 18). Moreover, she testified that some of the cattle had been paid for with monies from the parties' joint checking account, while others had been given to appellant by his father in lieu of wages for work per-formed during the marriage. She estimated that there were approximately 90 head left on the property when she departed. We are satisfied that appellee has shown that the 35 head of cattle, two heifers and one bull on the property at the time of appraisal were acquired during the marriage, thus triggering the marital property presumption. Appellant has failed to offer sufficient evidence to over-come the presumption and, therefore, the lower court did not err in holding the animals subject to equitable distribu-tion.

■ Appellant contends next that the parties' bedroom set was not marital property because it had been given to him by his grandmother. *See* 23 P.S. § 401(e)(3) ("Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage" excluded from mari-tal property). Appellee, however, testified that they had received the furniture during their marriage as a joint gift and had refinished it at their own expense. (N.T. October 9, 1981 at 13). The master and lower court were free to accept appellee's testimony and reject appellant's conten-

tion. Accordingly, the lower court did not err in finding the joint gift marital property subject to equitable distribution.

 Appellant contends finally that the lower court erred in accepting the master's unsupported appraisal of the fair market rental value of the parties' residence and farmland.[2] The equitable distribution of marital property is within the sound discretion and judgment of the lower court and its decisions shall not be disturbed on appeal absent an abuse of that discretion. *See* 23 P.S. § 401(d); *Bacchetta v. Bacchetta,* 498 Pa. 227, 234, 445 A.2d 1194, 1198 (1982). *Accord, Remick v. Remick,* 310 Pa. Superior Ct. 23, 456 A.2d 163 (1983) (monetary decisions such as alimony, alimony pendente lite, and counsel fees reviewed under abuse of discretion standard). Here, the master's estimate, upon which the lower court based its order, relied upon the appraisal report stipulated to by the parties (N.T. October 9, 1981 at 6) and the master's own knowledge of the rental values in the county. The appraisal report estimated the monthly rent of the parties' house at $200. This figure, however, did not include the parties' 132 acres that appellant continued to farm, or the $15,000 barn located on the farm land. The record adequately supports the master's estimate of a fair market rental value of at least $300 per month and thus, the lower court did not abuse its discretion in fixing the award at that amount. Accordingly, we affirm the order of the lower court.

Affirmed.

**2.** Appellant contends also that the lower court erred in requiring any rental payments because appellee had never specifically requested them. The Divorce Code requires the lower court to determine and dispose "of existing property rights and interests between the parties," 12 P.S. § 401(b), by "equitably divid[ing], distribut[ing] or assign[ing] the marital property . . . as the court deems just after considering all relevant factors." *Id.* § 401(d). Appellee's petition for equitable distribution of property required the court to equitably dispose of *all* the rights and interests of the parties in *all* of the marital property. The court's awarding appellee one-half the fair market rental value of the jointly-owned real estate that appellant was residing and working upon, compensated appellee for her rights and interests in the land and was thus not an abuse of discretion.