## Barrett v. Barrett

*John D. Conroy,* for plaintiff.
*Marcel L. Groen,* for defendant.

RUFE, *J.,* January 4, 1985—On October 10, 1984, we filed an opinion and order directing equitable distribution of the parties' marital property. The order was entered as a result of exceptions taken to the report of the master in divorce after hearing in accordance therewith held September 4, 1984. We are now urged to entertain plaintiff's exceptions to the October 10, 1984 order in accordance with the court's equity powers stated at 23 P.S. §401(c).

Initially we note that the parties' exceptions to the master's report were filed in accordance with Pa. R.C.P. Rule 1920.55 which we find also controls the present controversy. The relevant provisions of this rule state that:

"(a) Within ten days after notice of the filing of the Master's report has been mailed, exceptions may be filed by any party to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law or to any other matters occurring during the hearing . . .

. . .

(c) If exceptions are filed, the court shall hear argument on the exceptions and enter an appropriate final decree. No Motion For Post Trial Relief may be filed to the final decree."

Plaintiff refers us to 23 P.S. §401(c) which provides as follows:

"(c) In all matrimonial cases, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third party over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause."

We find that plaintiff's assertion of this court's jurisdiction under §401(c) is without support in the case law and clearly outside the contemplation of Rule 1920.55(c). The recent cases discussing appeals from equitable distribution awards and relevant standards of review are factually similar to the present circumstance. These cases are based on distributions by order sustaining a master's report and dismissing the exceptions thereto. See Remick v. Remick, 310 Pa. Super. 23, 456 A.2d 163 (1983); Gee v. Gee, 314 Pa. Super. 31, 460 A.2d 358 (1983) and Ruth v. Ruth, 316 Pa. Super. 282, 462 A.2d 1351 (1983). In dicta, Ruth, supra, indicated that an "order distributing property is final and permanent." Ruth, 1353.

In evaluating the permissibility of the present exceptions, we recognize that Bucks County R.C.P. 1920.54*e permits the parties to be afforded a hearing de novo. This procedure was not the one chosen, rather exceptions in accordance with Rule 1920.55 were filed.

Further, we note that if an appeal from the order entered herein is impermissible as interlocutory, the Superior Court may raise such issue sua sponte and vacate the appeal. Opperman v. Opperman, 297 Pa. Super. 89, 443 A.2d 313 (1982).

Inasmuch as we find that plaintiff's exceptions to our order of October 10, 1984 are procedurally improper, we enter the following

## ORDER

And now, this January 4, 1985, upon defendant's motion to dismiss exceptions filed to the order of October 10, 1984, it is hereby ordered and decreed that said exceptions are dismissed with prejudice and counsel fees for the cost of the present motion are awarded to defendant, William Francis Barrett.