## Moritz v. Moritz

*Christopher J. Coyle*, for plaintiff.
*Robert C. Rowe*, for defendant.

GATES, *P.J.*, March 4, 1985 — Plaintiff filed her complaint in divorce seeking equitable distribution on March 26, 1982. A hearing was held before Ann H. Kline, Esq., special master, on December 2, 1983. The special master's report was filed on August 8, 1984. Plaintiff excepted to four recommendations contained in the report. Defendant filed two exceptions.

Defendant's first exception expresses his belief that the special master should not have considered the subject of equitable distribution. Defendant maintains that, prior to separation, the parties entered into an oral agreement according to which they would assert no claims for property against one another. Conflicting testimony was elicited at the hearing. Plaintiff denied the existence of such an agreement; defendant recalls the conversation but could not recite the agreement verbatim.

In Pennsylvania, a separation agreement is presumed to be valid as long as it is not directly conducive to the procurement of a divorce. Lurie v. Lurie, 246 Pa. Super. 307, 370 A.2d 739 (1976). However, this presumption of validity can be defeated by showing a lack of full and fair disclosure of the parties' worth. McGannon v. McGannon, 241 Pa. Super. 45, 359 A.2d 431 (1976). When the agreement in question was allegedly made, it is clear that plaintiff was unaware defendant then owned certificates of deposit worth $170,000. This lack of disclosure defeats the presumption of validity which is attributed to any separation agreement the parties may have made. Therefore, the alleged agreement was invalid and the subject of marital distribution was properly considered by the special master. Defendant's exceptions concerning this issue will be dismissed.

Next we will address defendant's second exception. Plaintiff filed her complaint in this divorce action on March 29, 1982. A special master's hearing was scheduled for December 2, 1983. On November 28, 1983, defendant filed a motion for plaintiff to produce several documents at the special master's hearing. On December 2, 1983, plaintiff filed a motion for an order to protect her from defendant's request for production of documents. The special master's hearing was held on December 2, 1983. Plaintiff did not produce the requested documents at the hearing. During the special master's hearing, the possibility of holding a second hearing, after defendant received the documents requested, was discussed. It was agreed that plaintiff would produce the requested documents as soon as possible. Defendant would then have 30 days from the date of production of these documents to notify the special master of his desire to have another hearing.

On February 9, 1984, plaintiff produced the documents that defendant had requested in his November 28, 1983 motion. According to the terms of the parties' agreement, defendant had until March 10, 1984 to notify the special master of his desire to hold another hearing to evaluate the recently produced documents. This defendant did not do. It was not until June 14, 1984 that defendant requested a second hearing.

Now defendant complains of the special master's refusal to hold an additional hearing concerning the documents which defendant requested on November 28, 1983 and which plaintiff produced on February 9, 1984. We find defendant's exception to be without merit. Defendant had ample opportunity to request an additional hearing and failed to do so. We agree with the hearing master that a second hearing is not in order.

Plaintiff has filed four exceptions. The first complains that the special master wrongly classified a house, which plaintiff bought prior to the parties' separation, as marital property.

Plaintiff and defendant lived together in the same house until 1980. In January, 1980, plaintiff informed defendant that she intended to leave and was looking for another place to live. Plaintiff purchased a house in Lebanon, Pa., on February 19, 1980 in which she paid $44,000. To purchase the house, plaintiff took out a mortgage for $27,000. The special master, in obedience to 23 P.S. §401(3)(7), concluded that the amount of the downpayment, $17,000 was marital property.

The Divorce Code[1] provides: ". . . property acquired after separation until the date of divorce . . .

---

1. Section 401(e)(4).

is not marital property." Plaintiff testified that she purchased the house on February 19, 1980. Plaintiff further testified that she lived with defendant until March 1980. Generally, all property acquired during the marriage is marital property. None of the exceptions of section 401(e) of the Divorce Code are here applicable. The house was acquired during the marriage and prior to separation. Thus the special master correctly classified the house as marital property.

Plaintiff's second exception concerns the increase in value of the house which the parties lived in during their marriage. Defendant purchased this house in 1955. By the time plaintiff and defendant married in 1970 the house was fully paid for. According to the expert appraiser who testified at the special master's hearing, the house was worth $16,000 when the parties married in 1970. The expert also testified that the house had a value of $39,000 when the parties separated in March, 1980. Thus, the value of the house increased by $23,000 while the parties were married and living together. The special master decided that this increase in value of $23,000 was not marital property.

The Pennsylvania Divorce Code is silent as to whether an increase in value of pre-marital property, which increase occurs during the marriage, is to be included in the marital estate. To our knowledge, neither the Pennsylvania Superior Court, nor the Pennsylvania Supreme Court has addressed the issue. However, the courts of common pleas of two sister counties have discussed this subject. Accordingly, the following principles can be gleaned. First, where the increase in value of the property is due solely to inflation, the increase in value is not to be classified as marital property. Rudd v. Rudd, 65 Erie L.J. 58 (1982). Second, only those increases in value of pre-marital property that can be attributed to

substantial contributions of the parties during marriage should be classified as marital property. Birkel v. Birkel, 131 P.L.J. 102 (1983). For example, if the parties used marital income to amortize a mortgage or made improvements on pre-marital property, then any resulting increase in value would be classified as marital property. Ball v. Ball, 132 P.L.J. 123 (1984), Birkel v. Birkel, supra.

The special master concluded that the increase in value which the pre-marital property enjoyed while the parties were married was caused by inflation and, therefore, not marital property. This conclusion is supported by testimony elicited at the hearing. At the special master's hearing there was no testimony intimating that plaintiff made substantial contributions to the property. Marital funds were not used to amortize a mortgage on the property. Neither was there testimony suggesting that improvements were made to the property while the parties were married and living together. It is true that maintenance was performed on the property during the parties' marriage. But the performance of maintenance, unlike the making of improvements, is not recognized as a substantial contribution to pre-marital property.

Since there was no testimony proferred at the hearing which suggests that the parties made substantial contributions to the house while the parties were married, the special master's classification of the increased value of the house as non-marital property was justified.

Plaintiff's third exception must also be denied. Prior to the parties' separation, defendant transferred $3,000 to plaintiff to enable her to buy furniture for her new house. At the hearing plaintiff claimed that this was a gift. Defendant maintained it was a loan. The special master characterized it as

a loan and gave defendant a $3,000 credit on his marital property distribution. Plaintiff does not object to the special master's characterization of the transaction. Rather, plaintiff argues that defendant should not have received a $3,000 credit. Plaintiff argues that since neither party requested an adjustment of marital debts and the Divorce Code does not specifically authorize the adjustment of marital debts, defendant should not have received a $3,000 credit for this loan.

We disagree. The crediting of defendant's account is authorized by the Divorce Code. The common pleas court, whose authority is delegated to the special master, is required to "determine and dispose of 'existing property rights and interests between the parties,' 12 P.S. §401(b), 'equitably dividing, distributing or assigning marital property . . . as the court deems just after considering all relevant factors.' " Gee v. Gee, 314 Pa. Super. 31, 460 A.2d 358, (1983). In the instant case, the special master was justified when she found that a loan of $3,000 from defendant to plaintiff was a relevant factor to consider when equitably dividing the property.

Furthermore, the crediting of defendant's share of marital property is consistent with the express purpose of the Divorce Code. One of the goals of the Divorce Code [2] is to effect economic justice between the parties. The special master found that defendant loaned plaintiff $3,000. It is in the interest of economic justice that defendant be repaid.

Finally, plaintiff excepts to the special master's recommendation that plaintiff receive 40 percent of

---

2. See 23 Pa.C.S. §102(b).

marital property and defendant be awarded 60 percent of marital property. Plaintiff argues that there was no reasonable basis for the special master's recommendation. She believes she should be awarded half the marital property. We disagree. A review of the record reveals that there is a reasonable basis for the special master's recommendation. While it is true that the special master did not explain her computation in great detail, her recommendation is not unreasonable. The Divorce Code[3] requires us to equitably divide marital property between the parties after considering all relevant factors including those enumerated in section 401(d)(1)-(10). However, the Divorce Code does not explain the amount of weight to be given each factor. This is within our discretion.

In the instant case, it appears that the special master awarded defendant a larger distribution of the marital property for two reasons. First, plaintiff is 40 years old; defendant is 55 years old. Second, plaintiff is employed and has annual net earnings of $13,520. Meanwhile, defendant is unemployed, and has annual gross interest income of between $13,000 and $14,000. These considerations merited defendant's receipt of a larger share of marital property. The special master's recommendation was not without a reasonable basis.

## ORDER OF COURT

And now, March 4, 1985, the exceptions of the parties are dismissed and the recommendation of the special master are accepted and approved.

---

3. See 23 Pa.C.S. §401(d).