537 A.2d 1383

**Mary Alice ALETTO, Appellee,**

v.

**Harold E. ALETTO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1987.

Filed Feb. 10, 1988.

232

Frederick N. Frank, Pittsburgh, for appellant.
Chris F. Gillotti, Pittsburgh, for appellee.

Before BROSKY, TAMILIA and KELLY, JJ.

KELLY, Judge:

This case involves an appeal by appellant/husband from an order equitably distributing the parties' marital property. Because we find that the trial court improperly excluded from marital property the increase in value of certain premarital assets, we reverse and remand.

The parties were married in 1961 and separated in 1977. On July 23, 1981, appellee/wife filed the instant divorce proceedings, requesting equitable distribution under Section 401 of the Divorce Code, alimony, and counsel fees. Following a hearing, the trial court entered an order distributing the marital property and dismissing wife's claims for alimony and counsel fees. Both parties filed exceptions; except for a slight modification of its previous order, the trial court dismissed the exceptions and entered a final order. This timely appeal followed.[1]

On appeal, husband raises six issues: (1) whether the court erred in excluding from marital property the increase in value of stock owned by wife; (2) whether the court erred in valuing husband's business interests as of the trial date, rather than the separation date; (3) whether the court erred in calculating the value of husband's business interests; (4) whether the court erred in awarding wife fifty percent (50%) of husband's business interests; (5) whether the court erred in formulating the structured equitable distribution award; and (6) whether the court erred in fixing the marital assets and liabilities. We find that the opinions of the trial court, dated March 27, 1986 and July 18, 1986, thoroughly address and properly dispose of the third issue. We shall address the remaining issues raised on appeal *seriatim.*

1. The trial court entered its equitable distribution order on July 18, 1986, before a divorce decree had been entered. As a final divorce decree was entered December 30, 1986, we shall disregard this procedural misstep and hear the appeal on its merits. *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986).

I.

In 1959, two years before her marriage to husband, wife received a 7.1 percent share in a Coca–Cola bottling company owned by her father and located in the Federal Republic of Germany. At the time the stock was given to wife, it was valued at $15,000; wife sold the stock in 1979, two years after the parties separated, for $100,000. The trial court held that the increase in the value of the stock which occurred during the marriage did not constitute marital property. The court reasoned that the stock was acquired before the marriage and that the increase in value did not occur as a result of any contributions by husband.

This Court recently held in *Anthony v. Anthony*, 355 Pa.Super. 589, 591, 514 A.2d 91, 92 (1986), that "the entire increase, during the parties' marriage, in the value of premarital assets is marital property, and ... the increase is not reduced to reflect inflation." In reaching this holding, we rejected the appellants' assertions that an increase in the value of a spouse's premarital property should not be regarded as marital property unless the appreciation of value is attributable to the joint efforts and/or financial contributions of both spouses. The court in *Anthony* reasoned:

> Pursuant to section 401 of the Divorce Code, marital property includes all property, real or personal, *acquired during the parties' marriage* by either spouse, whether titled individually or jointly. 23 P.S. § 401(e)–(f). Thus, the time, rather than the method, of property acquisition determines if an item of property constitutes marital property under the Code.
>
> \* \* \* \* \* \*
>
> ...[I]f accrued during the period of the parties' marriage, an appreciation in the value of property belonging to either spouse represents, in and of itself, property acquired during the parties' marriage, i.e., marital property. *See* 23 P.S. § 401(e)(1) and (3).

355 Pa.Superior Ct. at 593, 514 A.2d at 92–3 (emphasis in original). *Accord Johnson v. Johnson*, 365 Pa.Super. 409,

529 A.2d 1123 (1987); *Sutliff v. Sutliff,* 361 Pa.Super. 504, 522 A.2d 1144 (1987).

In the instant case, the trial court did not have the benefit of our decision in *Anthony, supra.*[2] However, it is well-settled that changes in decisional law which occur during litigation will generally be applied to cases pending on appeal. *McCloskey v. WCAB,* 501 Pa. 93, 460 A.2d 237 (1983); *Fairbanks v. Travelers Insurance Company,* 337 Pa.Super. 39, 486 A.2d 469 (1984). As stated in *Fairbanks, supra:*

> In Pennsylvania, decisions changing the law are usually applied to cases pending on appeal. If such decisions rely upon statutory interpretations, they relate back to the date the particular statute became effective, because they merely interpret existing legislation.

337 Pa.Superior Ct. at 42, 486 A.2d at 470–71. The *Anthony* decision relied upon interpretation of Section 401 of the Divorce Code; we therefore find that our holding in *Anthony* relates back to the date Section 401 became effective. Applying *Anthony,* we conclude that the trial court erred in excluding from marital property the increase in value of the stock held by wife.

Wife argues that the reasoning set forth in the trial court opinion requires us to find that the error in excluding the increase is harmless error. The trial court stated in its opinion:

> ... [E]ven if the increase in the value of the stock were marital property, we would award the increases in the value of the stock to the wife and would divide the remaining marital property evenly in the manner described in part II of this opinion. None of the parties' activities during the marriage enhanced the value of the stock. The parties did not rely extensively on this asset during their marriage. This court's decision to treat this asset as the wife's separate property was a significant factor in this court's decision to divide evenly the marital

2. Appellants filed their notice of appeal on August 1, 1986, and on August 7, 1986, the decision in *Anthony* was filed.

property and to deny the wife's claims for alimony and counsel fees. Finally, since the husband has accumulated significant separate property, since he can without receiving any portion of this asset easily meet his present and future needs as defined by the standard of living that he had maintained during the marriage, and since the marriage benefited his economic position and capacity to acquire future assets, there is no reason why he should receive a share of an asset that the wife's family gave to the wife for her benefit.

(Trial Court Opinion at 17). Wife asserts that, because the trial court stated that, assuming the increase to be marital property, the trial court would still award the increase to wife, and would make no changes in the distribution of the remaining assets, any remand would amount to an unnecessary judicial exercise. We disagree.

Husband presented evidence at trial that the actual increase in value of wife's stock totaled over one million dollars ($1,000,000). Husband's evidence tended to show that wife sold the stock for $100,000 in 1979, two years after the separation, to a Panamanian corporation, which was controlled by the wife's father. Husband attempted to show that the Panamanian corporation resold the stock *within weeks* to a German corporation for one million, eighty-four thousand dollars ($1,084,000).[3]

■ The trial court did not include the increase in value of the stock as marital property. It was therefore unneces-

---

**3.** Although the trial court did not make a finding of fact regarding the amount of the increase in value, it would appear from the trial court opinion that the court found at least a portion of husband's evidence to be credible:

The wife's father was unwilling to testify voluntarily and failed to attend a deposition for which he had been subpoenaed. The wife, who appeared to be unusually astute in other business matters, testified that she had no further knowledge of these transactions.

\* \* \* \* \* \*

On the basis of the evidence produced concerning the transactions involving the Coca–Cola bottling company, the wife's failure to provide complete financial records, the wife's lack of candor, and the wife's lifestyle, we conclude that she has access to *significant other assets....*

(Trial Court Opinion of 3/27/86 at 3).

sary for the court to make any fact-finding regarding the value of the increase. However, as indicated, *supra*, the court erred in excluding the increase from the marital estate; further, if the increase is as significant as husband claims, the exclusion of this increase from marital property (and, consequentially, awarding the entire increase to wife) would in fact warrant reapportionment of the assets. If the increase does in fact total over one million dollars, this asset would be worth more than all the remaining marital assets of the parties combined.[4] We cannot accept the trial court's statement that, even if the increase were included as marital property, it would continue to reach the same distribution, for if the trial court were to ignore such a substantial asset in shaping an equitable distribution plan, it would clearly constitute an abuse of discretion.

We conclude that the trial court erred in excluding from the marital estate the increase in value of the wife's stock; we remand for the trial court to determine the value of the increase and direct the court to exercise its discretion by making adjustments to the entire equitable distribution scheme, if necessary.[5]

## II.

Husband next asserts that the trial court erred in valuing the parties' business interests as of the trial date; husband claims that the date of separation should have been used. In *Sergi v. Sergi*, 351 Pa.Super. 588, 506 A.2d

4. The court valued the major marital assets at $944,800.

5. We recognize that the valuation of the increase may prove difficult because of the wife's father's failure to cooperate and because of wife's claimed ignorance. However, we have reviewed the testimony presented, and we find that sufficient testimony was presented to enable the court to set an approximate value. *See Semasek v. Semasek*, 331 Pa.Super. 1, 479 A.2d 1047 (1984). Moreover, it is an accepted principle of law that when evidence of a particular fact at issue is peculiarly within the control of a party, that party may be subjected to a burden of production. Thus, evidence having been presented of the value of the asset in question weeks after the separation, and all the evidence to establish the market value prior to that time being peculiarly in the control of wife, it would appear appropriate to impose a burden of production on wife.

928 (1986), this Court held that, absent a specific benchmark for valuation, the trial court is free to select the date which best serves to provide for economic justice between the parties. The date chosen by the trial court is reviewed under an abuse of discretion standard. *Accord Sutliff v. Sutliff, supra; Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 516 A.2d 10 (1986); *Winters v. Winters,* 355 Pa.Super. 64, 512 A.2d 1211 (1986). In its opinion, the trial court explained in detail its reasons for valuing the business interests as of the trial date, rather than the date of separation. We find no abuse of discretion.

## III.

■ In his next two arguments, husband contends that: (1) the trial court erred in awarding the wife fifty percent of the business assets; and (2) the court erred in framing the structured equitable distribution award. We find that, when dividing the business assets, the trial court erred in utilizing a fifty-fifty presumption; the court further erred in failing to consider all the factors set forth in Section 401(d) of the Divorce Code. Accordingly, we are compelled to set aside the equitable distribution plan and remand to the trial court with proper instructions.[6]

In *Fratangelo v. Fratangelo,* 360 Pa.Super. 487, 520 A.2d 1195 (1987), this Court stated:

> To the extent that the fifty-fifty starting point, without more, or with nominal consideration of the 401(d) factors is applied, it is for evidentiary purposes an unacceptable presumption. The far better procedure is to avoid any reference to the fifty-fifty starting point and to go directly to the factors contained in the legislative guidelines pursuant to section 401(d).

6. Although we find it necessary to set aside the entire equitable distribution scheme, we specifically reject the argument made in husband's brief that the award must be set aside because it "unnecessarily penalizes husband" and "husband simply cannot comply with the lower court's order without liquidating his business interests...". (Appellant's brief at 54, 56). In addressing these arguments, we adopt the opinion of the trial court.

360 Pa.Superior Ct. at 496, 520 A.2d at 1199. We continued:

> When a fifty-fifty starting point is utilized, this Court will scrutinize that process very carefully to determine whether the lower court proceeded in a presumptive fashion or properly and fully considered all 401(d) factors before making distribution.

*Fratangelo*, 360 Pa.Superior Ct. at 498, 520 A.2d at 1201.

In the instant case, the trial court appears to have begun its equitable distribution scheme with a presumption of equal distribution. In this regard, the trial court relied upon the analysis set forth in *Paul W. v. Margaret W.*, 130 P.L.J. 6 (1981); we expressly disapproved the *Paul W.* approach in *Fratangelo, supra.* Furthermore, the portion of the trial court opinion which explains the division of marital assets analyzes, in a cursory fashion, only a few of the ten factors listed in Section 401(d).[7] We therefore find that the distribution plan must be set aside. Upon remand, the trial court is directed "to first consider, *before determining each share, all factors enumerated in section 401(d) as well as all other relevant factors,* and thus equitably determine how much or how well each property became vested in each partner." *Fratangelo, supra,* 360 Pa.Superior Ct. at 498, 520 A.2d at 1200.

## IV.

Next, husband contends that "the lower court erred in its determination of the marital assets and liabilities, including the value thereof." (Appellant's Brief at 59). Although

---

7. The trial court opinion states:
 We conclude that the marital assets should be evenly divided. As we discussed previously, there appears to be no significant disparity in the economic circumstances of the parties or their present and future needs. Each party made significant contributions to the marriage. The parties had a traditional division of responsibilities. The husband worked outside the home, and the wife assumed the day-to-day responsibility for raising the children and maintaining the home.
 (Trial Ct. Op. at 11).

husband frames the issue as including only one contention, three separate arguments are presented.

## A.

Husband first asserts that the trial court erred in considering two bank accounts, valued at $150,000 and $80,000, which husband holds jointly with his mother and uncle. Husband claims that he holds no interest in either account, and that his name appears on the accounts only so that he may act as his relatives' agent in financial transactions. We find no reversible error.

 First, we note that the trial court did not make a credibility assessment on whether husband's testimony regarding his lack of any interest in the two accounts is worthy of belief.[8] More importantly, however, the trial court "considered" the two bank accounts only in a very limited context; the trial court mentioned the two bank accounts after listing various other assets which husband had acquired since the separation date. The trial court considered all of these assets in rejecting husband's claim that "since separation he has been forced to live almost from hand-to-mouth, while the wife has enjoyed a most luxurious standard of living." (Trial Ct. Op. of 3/27/86 at 1). As stated by the trial court:

The husband claims that he has been able to obtain very limited money from the businesses which he operates because of the significant investments required to maintain these businesses. But this claim is not consistent with his ability from the date of separation to the present to provide for his living needs, to make monthly support payments of $600 for the wife's support, to make additional monthly support payments of $800 for child sup-

8. Husband states that his testimony in this regard was uncontradicted. However, this fact alone would not *require* the trial court to accept husband's testimony; the trial court is always free to independently assess the credibility of witnesses and to accept or reject the testimony presented. *See Sergi v. Sergi, supra,* 351 Pa.Superior Ct. at 597, 506 A.2d at 933; *Baraff v. Baraff,* 338 Pa.Super. 203, 210–211, 487 A.2d 925, 929 (1985).

port until September 23, 1983, and to acquire 'separate' assets in excess of $250,000. These assets include two tax-free bonds of $75,000 and $50,000; stocks worth $67,000; equity in a house of $15,000; a tax-free fund of $47,000; and an IRA of $10,000. Also, the husband has a joint account of between $80,000 and $90,500 with his mother and a joint account of $150,000 with his uncle, and has recently acquired a third Burger King franchise which he claims to have no value at this time.

\* \* \* \* \* \*

On the basis of the significant assets that the husband has acquired since separation, we find that his economic position has not deteriorated since separation. Consequently, we conclude that the dissolution of the marriage has not diminished the lifestyles which the parties achieved during the marriage and that the claims made in this case for equitable distribution, alimony, and counsel fees should be decided upon factors other than the financial needs of the parties.

(Trial Ct. Op. of 3/27/86 at 1–4). Considering the limited context in which the trial court considered the accounts, we find no reversible error.

### B.

Husband also contends that the trial court erred in valuing the marital home.

At trial, wife's real estate appraiser assigned the house a fair market value of $50,000 to $56,000, while husband's expert testified to a fair market value of $70,000. Since the house had an outstanding mortgage balance of $15,000, husband argued that the equity in the house should be valued at $55,000, while wife set the net equity figure at between $35,000 and $41,000. The trial court assigned a net equity figure of $48,000 to the marital residence, apparently compromising the figures presented by the two realtors so as to reach a fair market value of $62,000.

On appeal, husband contends that his expert's appraisal was more competent and reliable than the report offered by

wife's expert, and that the trial court should have therefore given more weight to the husband's appraisal.

The Divorce Code does not include a specific method of valuing assets. We have previously held that the court must exercise its discretion, relying upon the estimates and inventories submitted by both parties, the records of purchase prices, and appraisals. *Gee v. Gee*, 314 Pa.Super. 31, 460 A.2d 358 (1983). In determining the value of marital property, the court is free to accept all of the testimony, portions of the testimony, or none of the testimony regarding the true and correct value of the property. *See Semasek v. Semasek*, 509 Pa. 282, 502 A.2d 109 (1985); *Gee v. Gee, supra*. Here, the trial court acted within its discretion in assigning equal weights to the testimony of the two experts, and averaging the two figures to arrive at an estimated fair market value of the marital home.

## C.

Lastly, husband contends that the trial court erred in excluding certain marital assets and liabilities from consideration. The trial judge stated in the original opinion explaining the equitable distribution award:

> The parties presented evidence concerning other alleged marital assets and debts. These are not listed because the amounts involved are inconsequential in comparison to the other marital assets, and the manner in which these assets have been divided does not appear to favor significantly either party. For example, the husband retained a bank account of $6,179.50 while the wife retained Coca–Cola stock worth $7,140. The husband claims that he incurred a debt of $16,000 because of the wife's failure to sign the 1976 tax return, while the wife claims that the husband received income in excess of $16,000 following the parties' separation from an investment made prior to separation.

(Trial Ct. Op. of 3/26/86 at 4). Later, in response to exceptions filed by both parties, the trial judge explained further:

Each party has objected to this court's handling these assets in this fashion. However, the nature and value of the assets depend to a large extent upon the parties' credibility. Neither party was open or forthright. Consequently, we continue to conclude that it was proper to specifically address only those marital assets that are the most significant and can be documented.

(Trial Ct. Op. of 7/18/86 at 6).

 The equitable distribution of marital property is within the sound discretion of the trial court, and the decision shall not be reversed on appeal absent an abuse of discretion. *Gee v. Gee, supra; Kleinfelter v. Kleinfelter*, 317 Pa.Super. 282, 463 A.2d 1196 (1983). Section 401(d)(8) of the Divorce Code, 23 P.S. § 401(d)(8), requires the court to equitably divide the marital property after considering all relevant factors, including "[t]he value of the property set apart to each party." The trial court did not assign a value to certain of the assets, which included, in addition to the items listed in the trial court opinion, a Swiss Bank account, Georgian silver, and an oil lease.[9] Based upon the testimony presented, the value of the property does not appear to be inconsequential. Since the trial court did not assign a value to these assets it is impossible for this Court to determine on appeal whether the trial court abused its discretion in dividing the marital property. *See Gee v. Gee, supra*. Accordingly, on remand the trial court is directed to assign a value [10] to all marital assets and make adjustments to the equitable distribution scheme, if necessary.

Upon the foregoing reasoning, the order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

9. Certainly, the trial court may determine on remand that the items are not marital property subject to equitable distribution.

10. As discussed in footnote 5, *supra*, we recognize the difficulty in valuating assets when the witnesses are evasive or lack credibility. However, the trial court must nonetheless assess the credibility of the parties and determine appropriate values for each item of marital property.