## McGinnis v. McGinnis

*James R. Irwin,* for plaintiff.
*Joseph F. Kulwicki,* for defendant.

MILLER, *J.* May 31, 1990 — Plaintiff has filed a petition for special relief asking that she be granted exclusive possession of the marital residence pendente lite.

### FACTS

The parties were married several years ago. They separated in March 1987 when the defendant voluntarily moved from the marital residence. The reason for his voluntary withdrawal is not unanimously agreed upon. Plaintiff maintains that defendant had a girlfriend, was out of the house much of the time and came home in the early morning hours. She confronted him after this went on for some time and asked him to find another place to live. He moved out in late March 1987. They have not had physical relations since April 1985. Defendant claims that he did not have a girlfriend and that he left out of total frustration. He wanted companionship which he did not feel his wife was giving him. At all events, he now wishes to move

back in. He states two reasons for that. One is that he cannot afford the support payments and the other is that he truly wants to reconcile.

In the meantime, defendant has lived in another part of town. Plaintiff has continued to reside in the marital residence, at first with her two sons and now with just the youngest, a 16-year-old. The older son now attends Grove City College.

The divorce complaint was filed in November 1987. Plaintiff claimed that she would not live with defendant, does not want to reconcile and gives us the impression that she would move out if he moved back in. She even thinks that if he lived in a separate room there would be tension in the house which would not be good for her or her son.

## DISCUSSION

Before the various changes in the Divorce Code both parties had equal access to tenancy by the entireties property unless there was a protection from abuse order entered against one of them. Now the court has the power to award the right to reside in the marital residence to one of the parties pendente lite (23 P.S. §401(h)).

The legislature gives us little guidance as to the criteria we should use in making that decision other than the legislative findings and intent that appear in the preliminary provisions of the code. It is the policy of this state to deal with the realities of matrimonial experience, encourage and effect reconciliation especially where children are involved, mitigate harm to spouses and children, use available resources to deal with family problems and effectuate economic justice. 23 P.S. §102.

To some extent we have in this case a clashing of some of these purposes. Defendant maintains that he legitimately has a good-faith intention to bring

the family back together. He has talked to plaintiff about that on several occasions, sent her flowers on one occasion and attempted to send flowers on another occasion, and moved back in to start the reconciliation process. If that is the purpose we follow we should permit the husband-defendant to have equal access to the marital residence to effectuate a reconciliation.

If, on the other hand, we take plaintiff at her word, she is not interested in a reconciliation and might move out if he moves back in.

The only reported decision from the appellate courts in Pennsylvania is *Laczkowski v. Laczkowski*, 344 Pa. Super. 154, 496 A.2d. 56 (1985).

If one of the parties must be excluded then clearly it should be the husband. The custodial parent and child should remain in the marital residence so that the child's life does not become disrupted. There is authority to bar the husband from the residence once he has left.

Citing the New Jersey Superior Court, the *Laczkowski* court agreed that after the husband had voluntarily removed himself from the marital residence:

"[I]t would be inimical to the best interests and welfare of the plaintiff and the children to permit their lives, both emotionally and physically, to be traumatically invaded by defendant's unilateral decision to resume residency in the marital home. The interests and welfare of the plaintiff and children will be best served by maintaining the status quo ante as initiated by the defendant himself."

The New Jersey Superior Court held that a spouse may be excluded from the marital residence solely because that spouse had been living apart from the residence for a period of time.

A particularly instructive portion of the New Jersey court's opinion was:

"[T]he mental and emotional health and welfare of the wife and children should not 'be compromised by the ever-present knowledge that defendant can move in, out and about the marital home with impunity'[.]"

However, the *Laczkowski* court cautions:

"Exclusion of a spouse from the marital home during the pendency of a divorce proceeding is a harsh remedy that will not be awarded cavalierly. The need for such an award must be clearly evident in the facts of each case."

This is not an extreme case where there is a young, unemployed mother with several small children running around the house where to dispossess her would be clearly wrong. Plaintiff in this case is gainfully employed. The 16-year-old son, although not a party to this action, is probably flexible enough to live somewhere else. Yet, it was defendant who left in the first place, because of his greater income he is better able to live somewhere else now and the status quo ought to be maintained. Additionally, defendant's rights and interests in the property can be properly vindicated by fair rental payments which hopefully would be the subject of negotiation or a master's recommendations. *Gee v. Gee,* 314 Pa. Super. 31, 460 A.2d 358 (1983); *King v. King,* 332 Pa. Super. 526, 481 A.2d 913 (1984); *Vuocolo v. Vuocolo,* 42 D.&C. 3d 398 (1987).

We will give plaintiff temporary exclusive possession of the marital residence. We do not think that should be forever. We also do not want to strike the critical blow to defendant's attempt to reconcile if he genuinely wants to do that. Therefore, we will enter an order that will be prospective for three months only. Hopefully, during that period of time some-

thing permanent will happen in this case. Either this long-standing divorce should be concluded or the parties should reconcile. Failing all of that we are not foreclosing the right of either party to file another petition for relief under section 401(h) of the Divorce Code at the expiration of the three months.