## Boyd v. Boyd

C.P. of Lawrence County, No. 101 of 2011, C.A.

*Frank G. Verterano*, for plaintiff.

*John J. DeCaro, Jr.*, for defendant.

HODGE, *J.*, October 7, 2013—Before the court for disposition is plaintiff's Motion to Establish Burden of Production.

The plaintiff, Besty Weingartner Boyd (hereinafter, "wife") and the defendant, Colin Morgan Boyd (hereinafter, "husband") are husband and wife. The parties were married on March 19, 1998, and they are currently separated. Husband is the sole proprietor of a grass turf business incorporated under the name of Boyd Turf Industries, Incorporated (hereinafter, the "business"). Husband established the business prior to the parties' marriage, but the increase in the value of husband's business during the course of the parties' marriage is an asset subject to equitable distribution.

Wife filed the instant Motion to Establish Burden on June 3, 2013, wherein wife asserted that because husband maintains exclusive control over the evidence necessary to establish the business' value on the date of the parties' marriage, husband bears the burden of presenting this evidence at the time of equitable distribution. Wife alternatively argues that if the court denies her request to place a burden of production upon husband, wife should be entitled to all documentation relied upon by husband to establish the value of the business on the date of the parties' marriage. Husband contests that it is his responsible to produce evidence regarding the premarital value of the business and argues that wife is free to submit whatever evidence she believes is appropriate to account for the business' value.

In determining the value of marital property, the court is free to accept all, part, or none of the testimony as to the

true and correct value of property. *Litmans v. Litmans*, 673 A.2d 382, 387 (Pa. Super. 1996) (citing *Aletto v. Aletto*, 537 A.2d 1383 (Pa. Super. 1988). "[W]here the evidence offered by one party is uncontradicted, the court may adopt this value although the resulting valuation would have been different if more accurate and complete evidence had been presented." *Id.* (citing *Holland v. Holland*, 588 A.2d 58, 60 (Pa. Super. 1991), *appeal denied*, 596 A.2d 158 (Pa. 1991). The Pennsylvania Divorce Code does not specify a particular method of valuing assets. An equitable distribution master and trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties. *Smith v. Smith*, 653 A.2d 1259, 1265-66 (Pa. Super. 1995).

In *Smith*, the parties disputed the master's valuation of stocks gifted to wife by her father and a large inheritance wife received upon her mother's death. *Id.* at 1265. At the equitable distribution hearing, wife offered the testimony of her investment broker to support wife's valuation of her gifts and inheritance. *Id.* at 1266. Although husband challenged the validity of the investment broker's testimony, the master, and subsequently the trial court, accepted wife's evidence in determining the value of wife's gifts and inheritance. *Id.*

On review, the Superior Court of Pennsylvania stated that "[w]ife had the burden of producing evidence of the increased value of the gifts and inheritance she received during the parties' marriage since she had exclusive control over the relevant records." *Smith*, 653 A.2d at 1267. The Superior Court further explained that "[w]ife met this burden by offering the expert testimony of her investment broker...[i]f [h]usband disagreed with [w]ife's valuation, it was his burden to provide the court

with an alternative valuation." The *Smith* Court held that because husband failed to present any evidence to dispute wife's valuation of the marital portion of wife's gifts and inheritance, husband could not allege error by the trial court in accepting wife's uncontradicted evidence. *Id.* at 1267 (when one party offers uncontradicted evidence of the value of a particular marital asset, a court may adopt that value even if the resulting valuation would have been different if more accurate and complete evidence had been presented).

Applying the well reasoned precedent from the *Smith* case to the case *sub judice*, the court finds that it is appropriate to place a burden upon husband to initially present evidence regarding the business' value as of the date of marriage. As the sole proprietor and owner of the business, husband has exclusive control over the information necessary to value the business at the time of the parties' marriage. It is unreasonable to expect Wife to obtain these documents because she does not have an ownership interest in the business. Thus husband bears the burden of establishing the business' value at the time of marriage. In addition, wife is then able to present any evidence she believes is appropriate to assist the equitable distribution master in reaching a determination regarding the business' value as of the date of the parties' marriage. Should husband fail to offer sufficient evidence to establish a premarital value, the equitable distribution master can properly accept wife's evidence as credible in this regard.

Consistent with this opinion, the court will enter the following order of court.

## ORDER OF COURT

And now, this 7th day of October, 2013, with this case

being before the court on a Motion to Establish Burden of Production, with Frank G. Verterano, Esquire, appearing and representing the plaintiff, Betsy Weingartner Boyd, and with John J. DeCaro, Jr., Esquire, appearing and representing the defendant, Colin Morgan Boyd, and consistent with the attached opinion, the court hereby orders and decrees as follows:

1. Plaintiff/wife's Motion to Establish Burden of Production is granted.

2. Defendant/husband shall have the burden of initially presenting evidence at the equitable distribution hearing regarding the value of Boyd Turf Industries, Incorporated as of the date of the parties' marriage.

3. Defendant/husband shall provide plaintiff/wife with all documents relied upon by defendant and/or defendant's expert to value Boyd Turf Industries, Inc.

4. The prothonotary shall properly serve notice of this order and opinion upon counsel of record; upon any party not represented by counsel by regular mail or personal service.