J-A01037-17

2017 PA Super 190
:
LEO JACKSON, JR.,             :      IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
          Appellee     :
    v.             :
                 :
NADINE JACKSON,          :
                 :
         Appellant   :      No. 942 WDA 2016

Appeal from the Order June 1, 2016
in the Court of Common Pleas of Allegheny County
Family Division at No(s): FD 87-007382-006

BEFORE: BOWES, OLSON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:          **FILED JUNE 16, 2017**

Nadine Jackson (Wife) appeals from the order dated June 1, 2016, which made final the court's May 3, 2016 order holding that Wife had waived any claim for equitable distribution. For the reasons that follow, we vacate the trial court's order and remand for proceedings consistent with this opinion.

The trial court set forth the relevant factual and procedural history as follows.

> Wife and [Leo Jackson, Jr.] (Husband) were married on April 23, 1988. On November 12, 1999, Husband filed a Complaint for Divorce with a claim for equitable distribution of property. Wife did not file an Answer or Counterclaim to the Divorce Complaint. On August 27, 2001, Wife filed a Counter-Affidavit under Section 3301(d) of the Divorce Code, checking the box stating that she wished to claim economic relief. On August 30, 2001, Husband filed a Notice of Intention to Request Entry of 3301(d) Divorce Decree. The Notice provides that "unless you have already filed with the court a written claim for economic relief, you must do so by the above date or the court

* Retired Senior Judge assigned to the Superior Court.

may grant the divorce and you will lose forever the right to ask for economic relief. The filing of the form counter-affidavit alone does not protect your economic claims." Wife never filed a written claim for economic relief. On September 20, 2001, Husband filed a Praecipe to Transmit Record in which he indicated that equitable distribution was a pending, related claim. On October 16, 2001, the [trial court] entered a bifurcated divorce decree, retaining jurisdiction of "any claims raised by the parties to this action for which a final order has not yet been entered."

Neither party filed an inventory nor were [any] equitable distribution proceedings initiated. Fourteen years later, Husband retired and Wife sought her marital share of his pension. On April 8, 2015, Wife filed an inventory and asked the [trial court] to require Husband to do the same. On May 28, 2015, Wife filed a Motion for Special Relief, seeking to freeze Husband's retirement assets. Husband objected on the basis that Wife's claim was waived. There were no factual issues in dispute and the [trial court] directed the parties to submit the issue on briefs.

Following a review of the record, the brief[s] of the parties, and applicable Pennsylvania law, the [trial court] found that Wife waived her claim for equitable distribution to Husband's pension. Wife filed a Motion for Reconsideration which was granted. By Order dated June 1, 2016, the [trial court] vacated its order granting [re]consideration and entered the [May 3, 2016] order as final.

Wife timely appealed, and, in response to an Order issued pursuant to [Pa.R.A.P.] 1925(b), filed a Concise Statement of Matters Complained of on Appeal[.]

Trial Court Opinion, 9/9/2016, at 2-3.

On appeal, Wife presents the following issues for our consideration, which we have reordered for ease of disposition.

1. Whether the [trial court] erred in vacating its order granting Wife's motion for reconsideration and making final its order dated May 3, 2016 where its opinion concluded Wife's pursuit of equitable distribution was barred by laches?

2. Whether despite the record revealing that Wife had filed for economic relief, [did the trial court err] in determining that she had not and therefore waived any claim for equitable distribution rather than recognize that the intent of the parties controlled when the bifurcated divorce decree as a matter of law preserved equitable distribution when the [trial court] retained jurisdiction over it which meant said economic issues survived the decree which was on its face [] absent of any fraud or defect requiring it be opened or vacated?

Wife's Brief at 2 (unnecessary capitalization and suggested answers omitted).

"Ordinarily, this Court reviews an order granting special relief for an abuse of discretion. However, where, as here, an appeal presents a question of law, our standard of review is *de novo* and our scope of review plenary." *Raines v. Raines*, 149 A.3d 375, 378 (Pa. Super. 2016) (citations omitted).

Wife first contends the trial court erred in finding her pursuit of equitable distribution was barred by the doctrine of laches. A review of the record reveals that Wife's issue stems from the trial court's 1925(a) opinion, wherein the court stated it was unaware of any precedent which "permits a party who waived her right to equitable distribution to force adjudication of the opposing party's claim to his detriment a decade later." Trial Court Opinion, 9/9/2016, at 5. Wife is attacking a straw man. We fail to see how the trial court's passing remark in its 1925 opinion can be construed as a finding that Wife is barred from raising her claim under the doctrine of laches. Further, neither the June 1, 2016 order nor the May 3, 2016 order

- 3 -

contains any reference to such a finding.[1]  Rather, the trial court's May 3 order focuses on the fact that Wife had failed to file for economic claims, and thus she **waived** her claims.

We now turn to Wife's remaining issue on appeal, namely, whether the trial court erred in holding Wife waived her claims for equitable distribution. Wife asserts that she is entitled to pursue economic claims against Husband by virtue of the fact that: (1) Husband filed a divorce action raising a claim for equitable distribution; (2) Wife filed a counter-affidavit prior to the entry of the decree checking the box indicating that she wished to claim economic relief; and (3) the parties entered into a bifurcated divorce, wherein the trial court retained jurisdiction over claims raised by the parties for which a final order had yet to be entered.  Wife's Brief at 8-22.  Wife further argues that the trial court incorrectly found that her only remedy to pursue economic claims was to file a petition to open or vacate the divorce decree.  *Id.* at 19. Wife argues that she has never attempted to open or vacate the decree, and her filings sought only to distribute equitably the sole marital asset of the parties, Husband's pension.  "This request was predicated upon the fact that the economic claims of the parties survived the divorce through their

---

[1] There is no discussion of any prejudice to Husband.  Prejudice is a prerequisite for laches.  **See Sprague v. Casey**, 550 A.2d 184, 187 (Pa. 1988) ("[I]n order to prevail on an assertion of laches, [a respondent] must establish: a) a delay arising from petitioner's failure to exercise due diligence; and, b) prejudice to the respondents resulting from the delay.").

- 4 -

bifurcated decree[.]" *Id.* For this reason, Wife argues, a petition to open or vacate a decree was unnecessary. *Id.*

The trial court offered the following response to Wife's arguments:

> Wife did not file a counterclaim or a separate petition raising claims. The parties did not file inventories or conduct discovery in contemplation of equitable distribution. Wife did not petition the [trial court] to appoint a master less than [thirty] days after entry of the divorce decree. Wife did not file a petition to vacate or open the divorce within thirty days. Wife does not offer any explanation for her failure to follow the rules of civil procedure, or for the passage of fourteen years before she petitioned the court. Wife argues that it was Husband's choice to bifurcate the divorce and have the [trial court] separately adjudicate his claim for equitable distribution. Pa.R.C.P. 1920.52(d) states that "in all cases the court shall enter a decree separately adjudicating each claim raised." Wife contends that the marital property, in this case Husband's pension, remains in *custodia legis* because Husband elected not to amend the divorce complaint to withdraw the claim for equitable distribution. He is not prejudiced by the passage of time because he was aware that his claim was still pending.
>
> Wife contends it was not necessary for her to file a Petition to Open/Strike the Divorce Decree within thirty days because she is not seeking to set aside the decree. The decree left open the issue of economic relief. According to Wife, she is entitled to proceed with a claim timely raised and preserved, over which this [trial court] retained jurisdiction following divorce and for which there has been no order adjudicating the claim. …
>
> Pennsylvania Rules of Civil Procedure require that explicit language appear in the Notice of Intention to Request Entry of 3301(d) Divorce Decree and the Affidavit under 3301(d) advising the parties that they must preserve economic claims by formally filing them with the court prior to entry of a divorce decree or they will forever lose those claims. Pa.R.C.P. 1920.72, 1920.73. The [trial court] retained jurisdiction over claims raised by the parties for which no final order has been entered. Wife raised no economic claims. There is no precedent of which the [trial court] is aware that permits a party who waived her right to equitable

distribution to force adjudication of the opposing party's claim to his detriment a decade later.

        For the foregoing reasons, the [trial court] determined that Wife waived a claim for equitable relief.

Trial Court Opinion, 9/9/2016, at 4-6.

We disagree with the trial court's conclusions. First, the plain language of the applicable statute requires the opposite result. "Upon the request of **either party** in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors." 23 Pa.C.S. § 3502 (emphasis added). The statute clearly states that equitable distribution may be invoked by the request of either spouse. Thus, Husband's claim, which was never withdrawn, was still pending disposition when Wife filed her inventory seeking a share of Husband's pension.

Furthermore, Pa.R.C.P 1920.17(b)[2] sets forth the procedure in which a party may withdraw a claim for equitable distribution. A claim may be withdrawn only "by written consent of both parties filed with the court, or [] after filing and serving on the other party a written notice that the party

_____

[2] We are cognizant that this rule was adopted during the pendency of this case. Nevertheless, it is well-settled that "[u]nless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date." Pa.R.C.P. No. 52(c).

- 6 -

intends to withdraw the claim of equitable distribution 20 days after service of the notice." It so follows that a claim filed by one party may be relied upon by the other during the pendency of proceedings, and it is only when both parties agree or the non-filing party is giving the opportunity to file his or her own, may a claim be withdrawn.

Second, this Court is unaware of any precedent which mandates that **both parties** must file, by petition or counterclaim, a request for equitable distribution, in order to preserve a claim for equitable distribution. Rather case law suggests that an equitable distribution claim made by one party to a divorce is sufficient. **See**, **e.g.**, **Gee v. Gee,** 460 A.2d 358, 360 n.2 (Pa. 1983) ("Appellee's petition for equitable distribution of property required the court to equitably dispose of **all** the rights and interests of the parties in **all** of the marital property.") (emphasis in original).

Third, appellate decisions in cases involving different but analogous situations also support our rejection of the trial court's determination. **See Brickus v. Dent**, 5 A.3d 1281, 1288 (Pa. Super. 2010) (finding that even though Father had initiated the action by filing a petition for modification seeking to decrease his monthly payments, "the hearing officer had the authority to increase Father's support obligation in accordance with the amended state support guidelines, even in the absence of a cross petition by Mother."). **See also Shoup v. Shoup**, 364 A.2d 1319, 1322, n.5 (Pa. 1976) ("Once one of the parties has moved for judgment on the pleadings,

the court may enter judgment in favor of either the plaintiff or the defendant.").

Similarly, if any party to a civil action timely requests a jury trial, the right is preserved as to all parties; each party need not separately make the demand. ***See*** Pa.R.C.P. 1007.1 (a), (c)(1) ("In any action in which the right to jury trial exists, that right shall be deemed waived unless **a** party files and serves a written demand for a jury trial not later than twenty days after service of the last permissible pleading. … A demand for trial by jury may not be withdrawn without the consent of all parties who have appeared in the action.") (emphasis added).

For the foregoing reasons, we hold that the trial court erred in finding Wife waived her claim for equitable distribution. As such, upon remand, the trial court shall allow the parties to proceed through the equitable distribution process.

Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction Relinquished.

Judge Olson joins.

Judge Bowes files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017