J-A01037-17

2017 PA Super 190

| | | |
|---|---|---|
| LEO JACKSON, JR. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| NADINE JACKSON | | |
| Appellant | | No. 942 WDA 2016 |

Appeal from the Order June 1, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 87-007382-006

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

CONCURRING OPINION BY BOWES, J.:　　　　　　**FILED JUNE 16, 2017**

I concur with the learned majority insofar as it concludes that the trial court erred in precluding Nadine Jackson ("Wife") from asserting her right to the marital portion of the pension Leo Jackson ("Husband") earned while he was employed as a Pennsylvania State Trooper.[1]  Thus, I join in my esteemed colleagues' decision to remand the matter so the parties can litigate the unresolved question concerning the equitable distribution of that marital asset.

---

[1] I also join the majority's characterization of Wife's laches argument and its concomitant rejection of that assertion.

* Retired Senior Judge specially assigned to the Superior Court.

I write separately to clarify an imprecision regarding whether Wife waived her economic claims by failing to level them prior to the entry of the divorce decree. To be clear, I believe Wife's economic claims are, in fact, waived. However, since Husband's request for equitable distribution remained open when Wife filed the inventory listing only the pension's marital value, I agree with the majority that she can argue her entitlement to that asset. Nevertheless, to the extent that the majority's holding can be read as a broad pronouncement that one party's request for equitable distribution preserves all remaining economic claims as to both parties, I am constrained to disagree. As I outline *infra*, the essential component of this case that allows Wife to assert her right to the pension benefits fifteen years after the entry of the divorce decree is not the fact that Husband requested equitable distribution but, rather, that Husband's claim was never resolved.

I briefly reiterate the relevant procedurally history. Recall that Husband requested equitable distribution in his divorce complaint, which pleaded:

> Plaintiff and Defendant have acquired property during their marriage which is marital property within the meaning of the Divorce Code.

> WHEREFORE, Plaintiff prays this Court to equitably divide, distribute and assign the marital property of the parties.

Divorce Complaint, 11/12/99, at 2.

Wife responded with a counter affidavit wherein she noted her intent to assert an unspecified economic claim.[2] However, she neglected to file any formal economic claims in a counterclaim or a separate pleading. Thus, the only request for equitable distribution that was filed in this case, and the only economic claim that was raised and preserved for the trial court's review, related to the entreaty Husband leveled in his divorce complaint.

Thereafter, on September 20, 2001, Husband filed a praecipe to transmit the record for the entry of a divorce decree. That form indicated that the "Equitable distribution of property" was a pending related claim. Praecipe to Transmit Record, 9/2/01. The ensuing divorce decree entered on October 16, 2001, bifurcated the termination of the bonds of matrimony from the outstanding economic claims. Specifically, it provided, "The court

---

[2] The counter affidavit that the majority references provides, in pertinent part, as follows:

> (b) I wish to claim economic relief which may include alimony, division of property, lawyer's fees or expenses or other important rights.

> I understand that in addition to checking (b) above, I must also file all of my economic claims with the Prothonotary in writing and serve them on the other party. If I fail to do so before the date set forth on the Notice of Intention to Request Divorce Decree, the divorce decree may be entered without further notice to me, and I shall be unable thereafter to file any economic claims.

Wife's Counter-Affidavit, 8/27/01.

retains jurisdiction of any claims raised by the parties to this action for which a final order has not yet been entered." Divorce Decree, 10/16/01.

For the next fourteen years, the issue of equitable distribution remained unresolved as Husband neglected to pursue the economic claim that he asserted in his divorce complaint and preserved in the bifurcated divorce decree. On April 8, 2015, Wife effectively revived Husband's dormant request by filing an inventory of marital property that listed the marital portion of Husband's pension and retirement benefits as the only marital asset. *See* Inventory and Appraisement, 4/8/15, (unnumbered page three) ("Marital Portion of Husband's pension and retirement benefits/savings/annuity from his employment with the Pennsylvania State Police[.]). As Husband filed a timely request for equitable distribution in his divorce complaint and that claim remained open when Wife filed her inventory seeking the marital portion of his pension, I agree that she can pursue her entitlement to that asset in equitable distribution.

On the other hand, had Wife sought any forms of economic relief other than the equitable distribution of marital property that Husband previously requested, *e.g.*, alimony, counsel fees, costs and expenses, those novel claims undoubtedly would have been precluded. *See* Pa.R.A.P. 1920.31(c) ("The failure to claim spousal support, alimony, alimony pendente lite or counsel fees and expenses prior to the entry of a final decree of divorce or annulment shall be deemed a waiver thereof unless the court expressly

provides otherwise in its decree."). To the extent that the majority's holding suggests that one party's request for equitable distribution preserves **all** remaining economic claims as to both parties, existing case law belies that premise. In fact, we need look no further than our discussion in **Melton v. Melton**, 831 A.2d 646, 651 (Pa.Super. 2003), a case that the trial court and Husband both cite, albeit for a different principle.

In **Melton**, the husband requested equitable distribution and counsel fees, the wife neglected to file a counterclaim, and the trial court entered a bifurcated divorce decree. Thereafter, the wife filed a claim for alimony. Husband moved to strike the alimony claim as untimely filed, which the trial court denied. Instead, the trial court permitted the wife to assert her alimony claim *nunc pro tunc* and ultimately awarded her $1,808 a month.

This Court reversed the trial court's order permitting the untimely claim for alimony and vacated the concomitant alimony award. As a predicate to our discussion that the trial court erred by allowing the wife to assert an untimely alimony claim without opening or vacating the divorce decree pursuant to 23 Pa.C.S. § 3332,[3] we observed that the wife's claim

_____

[3] As the trial court never resolved the economic claim that was excepted from finality in the bifurcated divorce decree, Wife was not required to file a petition to open or vacate the divorce decree pursuant to § 3332. Stated another way, since equitable distribution was not addressed, there is no issue as to finality that Wife must overcome. For the identical reason, Wife's claim does not implicate what effectively is the five-year statute of
*(Footnote Continued Next Page)*

- 5 -

was waived because she failed to raise it in a counterclaim for alimony pursuant to Pa.R.C.P. 1920.15. *See id*. at 651. Specifically we reasoned,

> [T]he divorce decree stated that "any existing spousal support order shall hereafter be deemed an order for alimony pendente lite if any economic claims remain pending"; and "the court retains jurisdiction of any **claims raised by the parties** to this action for which a final order has not yet been entered." . . . Appellant raised a claim for equitable distribution, but Wife did not raise a counterclaim for alimony pursuant to Pa.R.C.P. 1920.15. Thus, Appellant's claim for alimony is waived.

*Id*.

Hence, in contrast to the comprehensive scope of preservation that may be drawn from the majority's waiver analysis, our jurisprudence unequivocally holds that certain economic claims, such as alimony, counsel fees, and litigation expenses, are subject to waiver if they are not asserted prior to the entry of the divorce decree. At most, a request for equitable distribution authorizes the trial court to divide the entire marital estate. It does not preserve any ancillary claims that were not specifically asserted.

In sum, unlike my colleagues, I agree with the esteemed trial court's observation that Wife's failure to assert an independent claim for equitable distribution waived any economic claims that she attempts to assert at this

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

limitations on motions to vacate a divorce decree. *See* 23 Pa.C.S. § 3332 ("A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree").

late juncture. Nevertheless, I recognize that the unique procedural posture of this case permits Wife to assert a right to the marital portion of the pension as a component of Husband's unresolved request for equitable distribution. Hence, I agree with the majority's holding that the trial court erred in rejecting Wife's request to resolve the still open question regarding the distribution of the only marital asset—Husband's pension benefit.